33021. HARRELL v. THE STATE.

BOWLES, Justice.

The appellant, Sayvant Harrell, was indicted for the offense of aggravated assault. He was tried by a jury in the Superior Court of Camden County, and found guilty of the lesser included offense of pointing a gun at another. The trial judge imposed a sentence of twelve months in addition to a fine of $1,000. This appeal was filed following the denial of appellant's amended motion for

new trial.

Ordinarily this case would be within the jurisdiction of the Court of Appeals in that it is a misdemeanor criminal case. However, because the appellant has attacked the constitutionality of Code Ann. § 38-302, we have exercised jurisdiction over this appeal.

The pertinent facts necessary for a decision in this case are as follows: Prior to trial, the appellant filed a "motion in limine" requesting the exclusion at trial of several statements made to police officers by appellant's wife and son. Appellant alleged that the statements were hearsay and, therefore, inadmissible at trial. A hearing was held, and appellant's motion denied on grounds that the officers' testimony, regarding the complained of statements made to them, would be admissible under Code Ann. § 38-302 to explain the officers' conduct in the course of their investigation.

Appellant also filed a challenge to the constitutionality of Code Ann. § 38-302, contending that said Code section denied appellant the right to confront the witnesses against him in violation of the Sixth Amendment to the United States Constitution.

At trial, one of the police officers testified concerning the statements which appellant had sought to have excluded. Appellant's counsel again objected to the testimony as being hearsay. In response, the state argued that because the statements were not offered for the truth of the matter contained within them, but offered to explain the course of the police officer's conduct, they were admissible under Code Ann. § 38-302. Upon overruling appellant's objection and admitting the complained of testimony, the court informed counsel that the evidence was admitted solely for the purpose stated.

Prior to the court's charge to the jury, the appellant requested in writing that the court charge that evidence admitted solely for the purpose of explaining conduct be considered only for that purpose, and not for the truth of the matter asserted therein. The trial court denied the appellant's request and, after charging the jury, overruled appellant's objection to the court's failure to charge in regard to the jury's limited consideration of such testimony.

Although the appellant has enumerated sixteen errors in the trial of this case, we need only consider the constitutional question involved and whether the trial court erred in refusing to charge appellant's requested instruction.

1. All of the statements complained of were introduced in evidence under Code Ann. § 38-302 which provides, "[W]hen, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts *to explain conduct and ascertain motives,* they shall be admitted in evidence, *not as hearsay, but as original evidence.*" (Emphasis supplied.)

Appellant contends that this Code section has the effect of immunizing testimony from cross examination, and therefore, is in violation of the confrontation rights guaranteed by the Sixth Amendment to the United States Constitution.

In considering this question we begin our analysis by recognizing that the Sixth Amendment right of an accused to confront the witnesses against him is a fundamental right, essential to a fair trial and is made obligatory on the states through the Fourteenth Amendment. Pointer v. Texas, 380 U. S. 400 (1964). The accused's right to confront the witnesses against him is essential for three basic reasons: "(1) [it] insures that the witness will give his statements under oath — thus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) [it] forces the witness to submit to cross-examination 'the greatest legal engine ever invented for the discovery of truth'; [and] (3) [it] permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility." California v. Green, 399 U. S. 149, 158 (1970).

Although hearsay rules and the Confrontation Clause are designed to protect similar values, "it is quite a different thing to suggest that the overlap is complete and that the Confrontation Clause is nothing more or less than a codification of the rules of hearsay and their exceptions as they existed historically at common law." California v. Green, supra, at 155. Some hearsay is

constitutionally admissible,[1] however, in some instances, statements admitted under recognized hearsay exceptions have been found to violate an accused's Sixth Amendment rights.[2]

Those cases which have found a violation of the Sixth Amendment present have all dealt with evidence which was hearsay but which had been admitted under some exception to the hearsay rule. They are inapposite to the instant case in that here evidence admitted under Code

---

[1] Situations which have been held not to violate the right of confrontation include: dying declarations, Mattox v. United States, 156 U. S. 237 (1895); declarations of a co-conspirator, Delaney v. United States, 263 U. S. 586 (1924), Dutton v. Evans, 400 U. S. 74 (1970); former testimony of a now unavailable witness when opportunity for cross examination was afforded, Mattox v. United States, supra; California v. Green, 399 U. S. 149 (1970); recorded past recollection, United States v. Kelly, 349 F2d 720 (2d Cir. 1965); and entries in the regular course of business, United States v. Lipscomb, 435 F2d 795 (5th Cir. 1971).

[2] In Barber v. Page, 390 U. S. 719 (1968), it was error to admit testimony given at a previous judicial proceeding against the same defendant unless the witness was unavailable and the prosecutorial authorities had made a good-faith effort to obtain his presence at trial; Pointer v. Texas, 380 U. S. 400 (1965), held that it was error to admit, at trial, testimony given at a preliminary hearing by a now absent witness where the accused was not represented by counsel; and, in Douglas v. Alabama, 380 U. S. 415 (1965), it was held that where the prosecutor called an accomplice to the stand, who refused to testify on grounds of self-incrimination, and the prosecutor then read sections of the accomplice's confession implicating the accused, asking after each section whether the accomplice had made the statement and the accomplice in each instance refusing to answer on the grounds of the privilege, this was error since the statement was in fact before the jury, however the accomplice who made the statement could not be cross examined.

Ann. § 38-302 is admitted not as hearsay, but as original evidence to "explain conduct and ascertain motives," and therefore, the evidence is not admitted as an exception to the hearsay rule.

As recognized by Wigmore in his treatise on Evidence, "[t]he theory of the hearsay rule [Cit.] is that, when a human utterance is offered as evidence of the truth of the fact asserted in it, the credit of the assertor becomes the basis of our inference, and therefore, the assertion can be received only when made upon the stand, subject to the test of cross examination. If, therefore, an extrajudicial utterance is offered, not as an assertion to evidence the matter asserted, but without reference to the truth of the matter asserted, the hearsay rule does not apply." VI Wigmore, Evidence § 1766 (3d Ed. 1940).

Code Ann. § 38-302 is based upon this same premise. As recognized in *Germany v. State,* 235 Ga. 836, 840 (221 SE2d 817) (1976), "testimony given by an investigating law enforcement officer as to his conversations with victims and witnesses is admissible under Code Ann. § 38-302 not as hearsay but as original evidence. However, such testimony is admissible under that code section only as original evidence 'to explain conduct' of the investigating officer, not as original evidence of the defendant's guilt." See also *Watkins v. State,* 231 Ga. 481 (202 SE2d 442) (1973); *Tanner v. State,* 228 Ga. 829 (3) (188 SE2d 512) (1972); *Pitts v. State,* 226 Ga. 878 (178 SE2d 177) (1970); *Jones v. State,* 224 Ga. 283 (3) (161 SE2d 302) (1968); *Estes v. State,* 224 Ga. 687 (164 SE2d 108) (1968); *Phillips v. State,* 206 Ga. 418 (3) (57 SE2d 555) (1950); *Bryant v. State,* 191 Ga. 686 (14) (13 SE2d 820) (1941).

The evidentiary value of testimony admitted under Code Ann. § 38-302 depends not on the credibility of the out-of-court declarant, but on the credibility of the witness on the stand who is reporting the statement for the purpose of explaining *his conduct.* That witness is under oath, subject to full cross examination, and present for the jury to observe his demeanor while testifying in regard to the statement.

Further, under the facts in the instant case, the complained of statements were admitted not for the truth of the facts contained within them, but solely to explain

the conduct of the officers who had heard them. For this purpose, their evidentiary value did not depend upon the credibility of the out-of-court declarant.

We hold that Code Ann. § 38-302 is not unconstitutional on its face, nor unconstitutional as applied in this case, as a violation of the confrontation rights protected by the Sixth Amendment to the United States Constitution.

2. This case must, however, be reversed because of the trial court's refusal to give appellant's requested charge that the statements admitted under Code Ann. § 38-302 be considered only for the purpose of explaining conduct, and not for the truth of the assertions made.

It is well recognized that when evidence is admitted for one purpose, as it was in the instant case, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury. Patterson v. State,* 233 Ga. 724 (6) (213 SE2d 612) (1975); *Ivy v. State,* 220 Ga. 699 (4) (141 SE2d 541) (1965); *Jackson v. State,* 204 Ga. 47 (3) (48 SE2d 864) (1943).

When the complained of testimony was introduced, appellant's counsel objected to its introduction in evidence on grounds that the testimony was hearsay. The trial court overruled appellant's objection to the introduction of the testimony, but limited its purpose to that of explaining the conduct of the witness. Although the record shows that upon appellant's objection the trial judge informed counsel that the testimony would be admissible solely for the limited purpose of explaining conduct, the trial court at no time instructed the jury regarding their limited consideration of the evidence introduced. Such a requested instruction would have informed the jury as to the limited purpose of the evidence and would have eliminated the possibility of the jury considering the evidence for any purpose other than that for which it was intended.

Appellant having filed a proper written request in this respect, the trial court's failure to so charge was error.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 9, 1978 — DECIDED APRIL 5, 1978.

*Randall M. Clark,* for appellant.

*Glenn Thomas, Jr., District Attorney, John J. Ossick, Jr., Assistant District Attorney,* for appellee.

*Arthur K. Bolton, Attorney General, Linda R. Birrel, Staff Assistant Attorney General,* amicus curiae.