## 77149. HANCOCK v. THE STATE.
### (374 SE2d 757)

DEEN, Presiding Judge.

Billy Hancock appeals from his conviction of simple assault, alleging a fatal variance between the allegata in the indictment and probata at trial. *Held:*

The evidence showed that Hancock owed Morrison, the victim, more than $700 for purchases that he made at the victim's hardware store. Morrison had been trying without success for almost a year to learn Hancock's address so he could discuss the unpaid bill. Morrison went to a local business where he knew that Hancock would be receiving a check and, after a discussion of the matter, Hancock struck Morrison under the chin with his open hand. Morrison did not attempt to make physical contact with appellant. At trial, appellant admitted that he owed the money to Morrison, that he had been working and had made no effort to pay it during the past year, and that he shoved Morrison under the chin without Morrison's permission.

Under OCGA § 16-5-23 "(a) A person commits the offense of simple battery when he either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another." Appellant was in-

dicted for simple battery in that he "[d]id intentionally cause physical harm to the person of Andrew Morrison by striking the said Andrew Morrison about the body with his fist." Physical contact is required to prove simple battery. *Tuggle v. State*, 145 Ga. App. 603, 604 (244 SE2d 131) (1978). The State met its burden of proof by the testimony of the victim and appellant's admission that he struck Morrison with his hand. The trial court charged the provisions of OCGA § 16-5-23 verbatim.

A variance between the allegata and probata is not fatal unless it misinforms the defendant as to the charges against him or leaves him open to subsequent prosecutions for the same offense. *Winter v. State*, 171 Ga. App. 511, 512 (320 SE2d 233) (1984). Here we cannot say that appellant was misled or prejudiced in any way. Accordingly, we find that the trial court did not err in overruling appellant's motion for a new trial.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 4, 1988 —
REHEARING DENIED OCTOBER 20, 1988

*Elsie H. Griner, Galen P. Alderman*, for appellant.
*Lew S. Barrow, District Attorney, Edith M. Edwards, Timothy L. Eidson, Assistant District Attorneys*, for appellee.