## 77194. ROYAL v. THE STATE.
(377 SE2d 526)

BEASLEY, Judge.

Defendant appeals his convictions of trafficking in cocaine, OCGA § 16-13-31 (a), and possession of a firearm during the commission of a felony, OCGA § 16-11-106 (b) (4).

Defendant was arrested at the home of his wife's cousin. An undercover agent had contacted Ms. Muns, the cousin, about purchasing six ounces of cocaine for which the agent was to pay $10,800. Ms. Muns had told the agent that she would contact her "friend" who would bring the cocaine to her house for the agent.

The agent wore a body bug during the transaction at the house and the resulting tape and a transcription of it, which were admitted in evidence, are the focus of the appeal.

1. We note first that defendant's sentence and judgment was filed on December 4, 1986. A motion for new trial on the general grounds was timely filed on December 19. On February 23, 1988, an amendment to the motion for new trial was filed, dealing with the tape recording. The notice of appeal was filed on February 29, before the order denying the motion for new trial, which was filed on March 24.

"Even without a motion to dismiss the appeal, it is the duty of

the reviewing court to entertain the threshold question of its jurisdiction where there may be any doubt. [Cits.]" *Shirley v. State*, 188 Ga. App. 357 (373 SE2d 257) (1988). As held in *Shirley* (Division 9), the premature notice of appeal became effective upon entry of the final judgment. Thus, we consider the enumerations.

2. Defendant urges that the tape was improperly admitted because no foundation was laid.

There were no pretrial motions addressed to the admissibility or accuracy of the tape and transcript. When the undercover agent testified, he identified State's Exhibit 4, a cassette tape. He stated that it was a copy of the actual tape which was made by him on a "nagra" tape recorder as the events occurred. He further stated that the nagra recorder was capable of taking down human voices; he had previously used such a recorder; he had listened to Exhibit 4 and it was a correct recordation of what transpired during the incident; no changes, additions, or deletions had been made to it; the original nagra recording had been in the evidence room from the time it was made by him until the copy was made; he identified the voices of the individuals speaking on the tape; and he stated that all those persons were speaking freely and not due to duress. See *Page v. State*, 249 Ga. App. 648, 650 (2) (292 SE2d 850) (1982) and cases cited therein.

At the time that Exhibit 4 and Exhibit 6, the transcript of the tape, were tendered into evidence, the only objection made to either was that the tape being played was "a copy of the original." The ground advanced in this court not having been raised below, we will not consider it here for the first time. *Stokely v. State*, 188 Ga. App. 489, 490 (2) (373 SE2d 230) (1988). This ground raised below is not argued here and is deemed abandoned. Rule 15 (c) (2).

3. The first enumeration contends that the denial of the motion for new trial was error in that the court "erred in its failure to have an incorrect transcript corrected thereby effectively denying the appellant his right to appeal because a complete and correct transcript of his trial is not available to [him]."

Defendant relies on OCGA § 5-6-41 (f) which provides a means for correction of a transcript or inclusion in it of omitted material. Defendant's basis in this regard for claiming that he was entitled to a new trial was that the court reporter at the trial did not take down or transcribe what was emitted when the tape was played in open court for the jury to hear, so that the transcript of the evidence was incomplete.

The court did not err. While the tape was being played, each member of the jury, and defendant's counsel, had a copy of a transcript which had been prepared in advance of trial from the original tape. The transcript was admitted in evidence without objection, and defendant does not claim that it deviates in any way from what was

heard in court. Since defendant either has a copy of that exhibit or has access to one since it is in the record, he has not been prejudiced below or on appeal by the failure of the court reporter to record the evidence produced when the tape was played.

Insofar as our reviewing the evidence is concerned, we are not hampered by the absence of a transcript of the tape's emissions as heard by the jury because the tape itself is before us. Our hearing what the jury heard obviously provides a more direct and complete transmission of the evidence to our understanding than would a transcript of what a third person heard, took down, and transcribed in written form.

The absence of harm, even when there is error, affords no cause for reversal. *Hazelrig v. State*, 171 Ga. App. 942, 943 (1) (321 SE2d 437) (1984).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 3, 1989.

*Jerry M. Daniel*, for appellant.

*Sam B. Sibley, Jr.*, District Attorney, *Charles R. Sheppard*, Assistant District Attorney, for appellee.