A89A1728. DAVIS v. THE STATE.
(392 SE2d 253)

POPE, Judge.

John Miron Davis was charged by accusation with battery and simple battery. He was tried by a jury and acquitted of the battery charge but convicted of simple battery. He appeals.

1. Davis's first enumeration, in which he contends the trial court erred by denying his amended motion for a new trial, is not supported by citation of authority or argument. Accordingly, this enumeration is deemed abandoned pursuant to Rule 15 (c) (2) of this court. *Fowler v. State,* 188 Ga. App. 873, 874 (3) (374 SE2d 805) (1988).

2. Davis enumerates as error the trial court's denial of his motion for a directed verdict of acquittal made on the ground of a fatal variance between the allegata and the probata. We find no merit in this enumeration. The accusation charged Davis with simple battery by striking his wife "in the face with his fist, causing a black eye." However, a portion of Davis's left arm had been amputated, and the victim testified that he struck her not with his fist but with his stump. " 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' (Citations omitted.) [Cit.]" *DePalma v. State,* 225 Ga. 465, 469-470 (169 SE2d 801) (1969). The variance complained of here did not subject Davis to either of these dangers, and thus we find no error. See *Hancock v. State,* 188 Ga. App. 870 (374 SE2d 757) (1988).

3. The record reveals the trial judge instructed witnesses not to "discuss your testimony with each other or any third person while the trial is pending," and that a State witness, Joyce Goodroe, refused to discuss the case with Davis's attorney during a lunch break, based on her understanding that the trial court's instruction prohibited such a conversation. Davis contends the trial court's instruction to witnesses regarding the rule of sequestration was erroneous, and that the trial court failed to cure that error by affording him the opportunity to interview Goodroe after correcting her mistaken impression.

The trial court questioned Goodroe outside the presence of the jury, told her that "it would not have been improper . . . for [her] to talk to [Davis's counsel]," and inquired whether she would have talked to him but for her misunderstanding of the court's instruction regarding sequestration. After first referring again to needing the court's permission, Goodroe finally said: "No, I don't think so. I don't believe I would have, sir." On that basis, the trial court refused to allow Davis's counsel to recess the trial to interview the witness, and permitted her to testify over his objection and despite counsel's statement in his place that the question he planned to ask Goodroe was one that could not have been asked prior to the beginning of the trial.

We find that the trial court not only took care to correct the witness' misapprehension about the propriety of speaking with defense counsel, but also ascertained that the witness would not have spoken with counsel even had she not been laboring under the erroneous belief that she was instructed not to do so. Accordingly, any possible error in refusing to grant Davis a recess to interview the witness would be harmless. It is elementary that "[t]he absence of harm, even when there is error, affords no cause for reversal. [Cit.]" *Royal v. State*, 189 Ga. App. 756, 758 (377 SE2d 526) (1989).

4. Davis contends the trial court erred by denying his motion to strike the testimony of Goodroe or, in the alternative, give the jury a limiting instruction concerning her testimony. The victim testified the simple battery alleged in the accusation took place on April 10, 1988, during an argument inside the mobile home she shared with Davis. Goodroe's testimony, admitted as part of the res gestae over Davis's objection, was that she was a neighbor and that on that day, as she was in her yard watering her flowers, she noticed Davis's wife "beating frantically on a neighbor's door" and observed Davis follow her in his pickup truck. Goodroe stated that she saw Davis get out and jerk at his wife, trying to hit her, and that he pulled and kicked her. Goodroe testified that she then called the police. At the close of the State's evidence, counsel for Davis argued that it was possible for the jury to convict Davis of simple battery based solely on his conduct as testified to by Goodroe, which was not the battery alleged in the accusation, and moved the court to strike Goodroe's testimony, or to give

limiting instructions. The trial court refused. We find no error. Although the State argues that the evidence is admissible under exceptions to the hearsay rule and the dissent cites *Harrell v. State*, 241 Ga. 181 (2) (243 SE2d 890) (1978), which is a case dealing with the exception to the hearsay rule embodied in OCGA § 24-3-2, the issue is not a hearsay problem. Davis objected to testimony by Goodroe of what she saw (David jerking at, kicking and pulling the victim on the neighbor's porch), saying that the testimony described a simple battery other than that charged in the accusation.

The simple battery described in Goodroe's testimony "occurred during the commission of the offense for which [Davis] was charged, and thus was an integral part of the res gestae and admissible in evidence. [Cits.]

" 'Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. (Cit.) Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense and does not tend to establish the main offense. (Cit.)' [Cits.]" *Cooper v. State*, 188 Ga. App. 629 (373 SE2d 796) (1988).

In addition, Goodroe's testimony was cumulative of testimony given by the victim without objection by Davis. "Q.: Now, what happened on April 10. Were you able to get away during the course of this incident? A: I ran down the street to a lady's house. I was knocking on the door. He drug me off the doorstep. . . ." "Evidence which is cumulative of other legally admissible evidence of the same fact, renders harmless admission of incompetent evidence. [Cits.]" *Lynn v. State*, 181 Ga. App. 461, 464 (352 SE2d 602) (1987). The dissent makes much ado about Goodroe's testimony that the defendant "pulled and kicked" the victim while the victim merely testified that the defendant "drug" her off the porch. The fact is that the act of being dragged is as much a simple battery (OCGA § 16-5-23 defines it as "(a) Intentionally [making] physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally [causing] physical harm to another") as is being "pulled and kicked."

Furthermore, the trial court clearly charged the jury that it had to find that Davis committed the offenses charged in the accusation in the "way and manner alleged" in order to find him guilty. Thus, even if it was error to refuse to give limiting instructions, no reversal is required.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., and Beasley, J., concur. Carley, C. J., Birdsong, Sognier and Cooper, JJ., dissent.*

SOGNIER, Judge, dissenting.

I must respectfully dissent to Division 4 of the majority opinion and to the judgment. Appellant's argument, that it was possible for the jury to convict appellant of simple battery based *solely* on appellant's conduct testified to by Goodroe, which was *not* the battery alleged in the accusation, and his motion to strike Goodroe's testimony or, in the alternative, to instruct the jury that Goodroe's testimony was not direct evidence of the crime charged, appear to me to be valid. Goodroe's testimony was admissible only for the purpose of shedding light on what had already occurred inside the trailer (which was the battery charged in the accusation), and could not serve as an independent basis for finding appellant guilty of a separate battery, which had not been charged. The trial court refused, and in its ruling stated "there's no reason why the jury cannot find that what [Goodroe] witnessed was a simple battery and convict him on the basis of that offense having occurred in her presence," despite the fact that appellant had not been charged with that battery in the accusation, and Goodroe's testimony had been admitted only as part of the res gestae.

In my view, that statement by the trial court brings the error of its ruling into focus. Although the majority concentrates on the admissibility of Goodroe's testimony, I have no quarrel with the majority's view that Goodroe's testimony was admissible as part of the res gestae. The majority fails to inform us, however, why the requested limiting instruction was not required. "It is well recognized that when evidence is admitted for one purpose, as it was in the instant case, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury.* [Cits.]" *Harrell v. State*, 241 Ga. 181, 186 (2) (243 SE2d 890) (1978). Here, however, as in *Harrell*, appellant made such a request, and the "requested instruction would have informed the jury as to the limited purpose of the evidence and would have eliminated the possibility of the jury considering the evidence for any purpose other than that for which it was intended." Id. Despite the majority's attempt to distinguish *Harrell* on the basis that it involved hearsay, which is not relevant here, the quoted holding in *Harrell* is not restricted to hearsay matters. Moreover, although the majority finds Goodroe's testimony merely cumulative of that of the victim, the victim testified only that appellant "drug" her off the doorstep, and not that he pulled or kicked her, as did Goodroe.

Appellant made a proper request for a limiting instruction, and the trial court's failure to give such an instruction raised the possibility of the jury convicting appellant of an uncharged simple battery based solely on Goodroe's testimony. I believe that was reversible error. Id.

I am authorized to state that Chief Judge Carley, Judge Birdsong, and Judge Cooper join in this dissent.

DECIDED FEBRUARY 20, 1990 —
REHEARING DENIED MARCH 13, 1990 — 

*John D. McCord III, T. Stanley Sunderland*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, David M. Fuller, Faye S. Pous, Assistant Solicitors*, for appellee.