S90G0861. DAVIS v. THE STATE.

(393 SE2d 260)

FLETCHER, Justice.

John Miron Davis was charged by accusation with battery and simple battery. He was tried by a jury and acquitted of the battery charge, but convicted of simple battery. Davis brought this appeal seeking a reversal of the Court of Appeals' decision affirming his conviction. *Davis v. State,* 194 Ga. App. 833 (392 SE2d 253) (1990). This Court issued a writ of certiorari to determine whether the trial court erred in refusing to give a limiting instruction as to the testimony of his neighbor, Ms. Joyce Goodroe. We reverse.

During a heated argument in their home, Davis struck his wife in the face. Mrs. Davis immediately ran from the house to a neighbor's doorstep and began beating on the door. Another neighbor, Ms. Goodroe, testified that she saw Davis chase after his wife, proceed to drag her from the door, and kick her several times.

The accusation charged Davis with simple battery for striking his wife in the face while in their home. The battery to which Goodroe testified was not charged in the accusation, and the trial court admitted her testimony over objection without any limiting instructions. Davis contends that without such a limiting instruction, it was possible for the jury to convict him of simple battery based solely on

Goodroe's testimony and not upon the battery charged in the accusation.

There is no dispute that the evidence is admissible for some purposes. Rather, the dispute centers on whether the trial court should have given a limiting instruction. The State acknowledges the general rule set forth in *Harrell v. State*, 241 Ga. 181, 186 (243 SE2d 890) (1978), but argues that the rule only applies to non-probative evidence. We do not agree.

While we agree Goodroe's testimony is clearly admissible for some purpose such as to show state of mind or a similar transaction, the probative value of her testimony is potentially outweighed by the danger of unfair prejudice to appellant — in the absence of a limiting instruction. Without a limiting instruction to the jury as to what Goodroe's testimony is evidence of, it is possible the jury convicted Davis of simple battery based solely on the conduct to which Goodroe testified, an uncharged battery.

The comments accompanying the trial judge's refusal to give a limiting instruction best exemplify the prejudicial nature of Goodroe's testimony:

> There's no reason that I can see why I should instruct the jury that they cannot consider any evidence of a simple battery having occurred on her, and there is no reason why the jury cannot find that what she witnessed was simple battery, and convict him on the basis of that offense having occurred in her presence, so I am denying that motion.

Clearly, this is an inaccurate statement of the law because the jury would never be able to convict Davis of an uncharged crime. *Walker v. State*, 146 Ga. App. 237, 242 (246 SE2d 206) (1978). Although the trial court made this comment outside the presence of the jury, it demonstrates the potential misuse of the evidence which the court properly admitted. When evidence admitted for one purpose is potentially unfairly prejudicial to a party, that party is entitled to have the court instruct the jury to limit its consideration to the one purpose for which the evidence is admissible. *Harrell*, 241 Ga. at 186; *Cooper v. State*, 182 Ga. 42, 56 (184 SE 716) (1935); *Daggett v. Atchison, T. & S. F. R. Co.*, 313 P2d 557, 564 (48 C2d 655) (1957); *Mangrum v. Union Pac. R. Co.*, 41 Cal. Rptr. 536, 550 (230 Cal.App.2d 960) (1964); *State v. Saltarelli*, 655 P2d 697, 699 (98 Wash.2d 358) (1982); see 75 AmJur2d 668, Trial, § 747 (1974). Since Davis made the proper and necessary requests for a limiting instruction, the trial court erred in refusing to give the limiting instructions.

The State contends that even if the trial court erred in refusing to give a limiting instruction, the trial court's charge to the jury ren-

dered the error harmless. The State argues that since the jury was informed it had to find that Davis committed the offenses charged in the accusation in the "way and manner alleged," the jury was prevented from considering Goodroe's testimony as an independent basis for conviction of simple battery. We find that the charge to the jury failed to render harmless the trial court's error in refusing to give a limiting instruction.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 12, 1990.

*T. Stanley Sunderland,* for appellant.
*Gerald N. Blaney, Jr., Solicitor, Rosanna Musengo, Assistant Solicitor,* for appellee.