A95A2664. PRICKETT v. THE STATE.
(469 SE2d 371)

JOHNSON, Judge.

Dean Prickett, Jr., was charged with two counts of rape in that twice on the same day he forced the fifteen-year-old babysitter hired by him and his wife to have sexual intercourse with him. Prickett pled not guilty to the charges. The case was tried before a jury. At trial, Prickett testified that he engaged in one act of consensual sexual intercourse with the alleged victim, but denied that the other alleged instance of sexual intercourse took place. The jury found Prickett guilty on both counts of rape. He appeals.

1. Prickett asserts that the trial court erred in admitting prior similar transaction evidence because the alleged prior acts are not sufficiently similar to the current offenses. The court allowed two teenage females to testify that approximately three years before the rapes alleged in this case, Prickett, as he drove by them on a tractor, grabbed his groin, flicked his tongue and gestured with the middle finger of his hand. We agree with Prickett that this testimony impermissibly placed his character in issue.

"Evidence regarding the character of a defendant is generally inadmissible unless the defendant puts his character in issue. As a corollary to this principle, evidence of independent offenses committed by a defendant is generally inadmissible due to its inherently prejudicial nature and minimal probative value." (Citations and punctuation omitted.) *Henderson v. State*, 204 Ga. App. 884, 886 (2) (420 SE2d 813) (1992). But evidence of independent offenses may be admitted if the State introduces the evidence for a proper purpose, if there is enough evidence to prove that the defendant actually committed the prior offense and if there is sufficient similarity between the charged offense and the independent offense. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). "To meet the 'similarity' requirement for the admission and use of similar transaction evidence, there must be an affirmative showing by the State . . . that the connection and/or similarity between that offense or act and the crime charged is such that proof that the accused committed the former tends to prove that the accused also committed the latter. [Cits.]" *Wells v. State*, 208 Ga. App. 298, 302 (1) (b) (430 SE2d 611) (1993).

In the present case, the State has not met this burden. The prior gestures purportedly made by Prickett are not similar to the forcible rapes alleged in this case and there is no evidence that such gestures were made in connection with these rapes. Consequently, proof that Prickett made the gestures does not tend to prove that he also committed the rapes. Because the inherent prejudice of the prior transaction testimony greatly outweighs its minimal probative value, the trial court erred in allowing that testimony. See *Eiland v. State*, 213 Ga. App. 838, 839 (1) (445 SE2d 765) (1994).

2. Prickett contends that the court compounded its error in admitting the prior transaction evidence by then failing to charge the jury on the limited purpose of such evidence. This is a valid contention even though, as the State points out, Prickett's trial attorney failed to request such a charge. See *Sloan v. State*, 214 Ga. App. 784, 785-786 (2) (449 SE2d 328) (1994). Not only did he fail to request the instruction, but after the court's final jury charge, Prickett's lawyer said he had no exceptions to the charge. In spite of these procedural defects caused by Prickett's trial counsel, we cannot ignore the court's

failure to give the prior similar transaction charge because this failure was so plainly erroneous as a matter of law that it deprived Prickett of his right to a fair trial to determine his guilt or innocence only as to the current charges, not on the purported prior acts. See *Laney v. State*, 184 Ga. App. 463, 467 (2) (361 SE2d 841) (1987).

"[P]resenting a jury with such [prior acts] evidence serves no useful purpose unless the jury also is given adequate instructions regarding [the] issues of fact they must resolve from the evidence before they can consider the similar act or transaction for the limited purpose for which they were instructed such evidence was introduced. Moreover, providing the jury with adequate instructions as to the admission of any evidence of similar or logically connected offenses or transactions is *necessary* in the interest of justice. . . ." (Emphasis in original.) *Adams v. State*, 208 Ga. App. 29, 37 (3) (e) (430 SE2d 35) (1993). Here, the trial court should have charged the jurors that Prickett is not on trial for the prior acts, that the limited purpose claimed by the State for introducing such evidence is only to show his state of mind and lustful disposition, that before considering the prior acts for this purpose they should determine if Prickett actually committed those acts, and if so, whether those acts are similar enough to the current rape charges so that Prickett's commission of the prior acts tends to illustrate his state of mind in this case. See *Rice v. State*, 217 Ga. App. 456, 458 (2) (458 SE2d 368) (1995); *Morris v. State*, 212 Ga. App. 779, 780 (2) (442 SE2d 792) (1994); *Adams*, supra at 36 (3) (e). The court's harmful error in not giving these necessary prior transaction charges compounded the harm of the improper admission of the prior acts evidence and mandates a reversal of Prickett's conviction.

3. Prickett claims the court erred in qualifying a counselor as an expert on post traumatic stress disorder and rape trauma syndrome. The State attempts to rebut this claim by arguing that it did not submit the counselor as an expert on post traumatic stress disorder and rape trauma syndrome, but offered him only as an expert in counseling. The State's argument is disingenuous because it is apparent from a review of the witness's entire testimony that the State did not present him simply to testify about counseling; rather, he testified about his understanding of post traumatic stress disorder and rape trauma syndrome, and that he had diagnosed the alleged victim in this case as having post traumatic stress disorder. Thus, contrary to the State's position, the court allowed the witness to testify as an expert on post traumatic stress disorder and rape trauma syndrome.

"Generally, nothing more is required to qualify an expert than that he has been educated in a particular trade or profession. This special knowledge may be derived from experience as well as study." (Citations and punctuation omitted.) *Morris v. State*, 159 Ga. App.

600, 601 (1) (284 SE2d 103) (1981). In the case before us, there is insufficient evidence that this witness has special knowledge about post traumatic stress disorder and rape trauma syndrome. In attempting to qualify the witness as an expert, the State elicited testimony from him that he has been a counselor for eight years and licensed by the State for one year, has graduate degrees from two theological seminaries, was trained at the Georgia Baptist Medical Center in pastoral counseling, and has counseled approximately 150 sexual abuse victims. While this testimony may show the witness to be an expert in counseling, the State failed to present any evidence that special knowledge of counseling includes an expertise in the psychological theories of post traumatic stress disorder and rape trauma syndrome. It may be true that this counselor is an expert in those theories, but the record before us does not establish a foundation to support such a conclusion. Even though the trial court has discretion to qualify a witness as an expert, the witness's testimony must relate to the scientific or technical knowledge within his area of expertise. *Hicks v. State*, 196 Ga. App. 311, 313 (2) (396 SE2d 60) (1990). Here, the trial court abused its discretion in allowing the counselor's testimony to go far beyond the proved area of his expertise.

Moreover, it has not yet been determined whether post traumatic stress disorder and rape trauma syndrome are admissible scientific principles in Georgia, but because Prickett did not challenge the admissibility of these principles in the trial court, we do not reach that issue here. See *Edmonson v. State*, 212 Ga. App. 449, 450 (1), n. 1 (442 SE2d 300) (1994). Nevertheless, we note that the record before us does not contain enough evidence to support a finding one way or the other on this issue. The test to be followed in determining whether post traumatic stress disorder and rape trauma syndrome are admissible science in this state has been established by the Supreme Court. "In many states, the test for admissibility of novel scientific evidence is whether the scientific principle or discovery supporting the evidence is sufficiently established to have gained general acceptance in the particular field in which it belongs. *Frye v. United States*, 293 F 1013, 1014 (DC Cir. 1923). This is not the test in Georgia. In *Harper v. State*, 249 Ga. 519, 525 (1) (292 SE2d 389) (1982), [the Supreme Court] concluded: the *Frye* rule of counting heads in the scientific community is not an appropriate way to determine the admissibility of a scientific procedure. We hold that it is proper for the trial judge to decide whether the procedure or technique in question has reached a scientific stage of verifiable certainty, or in the words of Professor Irving Younger, whether the procedure rests upon the laws of nature. The trial court may make this determination from evidence presented to it at trial by the parties; in this regard expert testimony may be of value. Or the trial court may base its determination on

exhibits, treatises or the rationale of cases in other jurisdictions. The significant point is that the trial court makes this determination based on the evidence available to him rather than by simply calculating the consensus in the scientific community." (Citations and punctuation omitted.) *Caldwell v. State*, 260 Ga. 278, 285-286 (1) (b) (393 SE2d 436) (1990). Accordingly, upon the retrial of this case, if the State again attempts to introduce testimony regarding post traumatic stress disorder and rape trauma syndrome, we caution the trial court to make the findings required by *Caldwell* on the record before ruling on the admissibility of such testimony.

4. Because of our holdings in the prior divisions, we need not address Prickett's remaining enumerations of errors.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 19, 1996.

*John O. Cole*, for appellant.

*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.