S97G1838. THE STATE v. BELT.
(505 SE2d 1)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Belt v. State,* 227 Ga. App. 425 (489 SE2d 157) (1997), to answer this question: "Whether it is reversible error for a trial court, absent a request, to fail to instruct a jury that similar transaction evidence admitted for a limited purpose must be considered only for the limited purpose for which it was admitted." We answer this question in the negative, and reverse the judgment of the Court of Appeals.

Defendant was indicted for possession of cocaine with intent to distribute. Following a USCR 31.3 (B) hearing, the trial court ruled that evidence regarding defendant's conviction for two previous cocaine sales was admissible for the limited purposes of showing identity, intent and state of mind.

The similar transaction evidence was admitted at trial. Defense

---

counsel made no oral or written request for a limiting instruction and no limiting instruction was given.

On appeal, defendant asserted that the trial court erred in failing to instruct the jury that the similar transaction evidence was admitted for limited purposes and was to be considered only for those limited purposes. The Court of Appeals agreed and reversed defendant's conviction, holding that in cases where the trial court has determined that similar transaction evidence will be admitted at trial for a specified limited purpose, it is incumbent on the trial court to give a limiting instruction to the jury, even in the absence of a request. In so holding, the Court of Appeals erred.[1]

It has long been the rule in this State that

[W]hen evidence is admitted for one purpose, as it was in the instant case, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury. Patterson v. State*, 233 Ga. 724 (6) (213 SE2d 612) (1975); *Ivy v. State*, 220 Ga. 699 (4) (141 SE2d 541) (1965); *Jackson v. State*, 204 Ga. 47 (3) (48 SE2d 864) (1943).

*Harrell v. State*, 241 Ga. 181, 186 (2) (243 SE2d 890) (1978). It follows that, having failed to request a limiting instruction, defendant cannot assert that the trial court erred because it did not give such an instruction.

Nothing in *Williams v. State*, 261 Ga. 640, 641 (2) (409 SE2d 649) (1991), or *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991), compels us to reach a different result. Those cases simply set forth rules to ensure that, if similar transaction evidence is to be admitted, it is to be admitted properly. They do not imply that, when similar transaction evidence is admitted, the trial judge must give a limiting instruction even in the absence of a request.

Cases involving the admission of evidence of prior difficulties do not aid defendant's cause. Neither *Wall v. State*, 269 Ga. 506 (2) (500 SE2d 904) (1998), nor *Spearman v. State*, 267 Ga. 600 (4) (481 SE2d 814) (1997), nor *Kettman v. State*, 257 Ga. 603 (7) (362 SE2d 342)

---

[1] In reaching its decision, the Court of Appeals pointed out that there had been a split of authority in that court regarding the question in issue. One line of cases, typified by *Bell v. State*, 219 Ga. App. 553 (466 SE2d 68) (1995), and *Sloan v. State*, 214 Ga. App. 784 (449 SE2d 328) (1994), correctly held that, in the absence of a request, a limiting instruction was not required upon the introduction of similar transaction evidence. Another line, exemplified by *Prickett v. State*, 220 Ga. App. 244 (469 SE2d 371) (1996), and *Moore v. State*, 202 Ga. App. 476 (414 SE2d 705) (1992), took the position that it is error to fail to give a limiting instruction when similar transaction evidence is admitted, even in the absence of a request. To the extent that *Prickett* and *Moore* conflict with our decision in this case, they are overruled.

(1987), can be read to require a trial court to give a limiting charge, in the absence of a request, when evidence of prior difficulties is admitted.

In passing, we note that, although a trial judge is not required in the absence of a request to give a limiting instruction when similar transaction evidence is admitted, it would be better for the trial judge to do so.

*Judgment reversed. All the Justices concur, except Benham, C. J., Fletcher, P. J., and Sears, J., who dissent.*

BENHAM, Chief Justice, dissenting.

The issue before us is whether a trial court which admits extrinsic act evidence pursuant to Uniform Superior Court Rule 31.3 must inform the trier of fact that the extrinsic act evidence may be considered only for the limited purpose for which it was admitted. The majority holds that no such instruction is needed without a request; I believe that the fundamental right to a fair and impartial trial before an unbiased jury dictates that the jury be told it is limited in its consideration of the extrinsic act evidence, regardless of whether a request for such an instruction has been made.

Over 135 years ago, the Georgia General Assembly codified a principle of law that remains with us today: "The general character of the parties and especially their conduct in other transactions are irrelevant matter . . . ." OCGA § 24-2-2. Since the turn of the century, the judiciary has recognized as "a fundamental principle in our system of jurisprudence" (*Bacon v. State*, 209 Ga. 261, 262 (71 SE2d 615) (1952)) that, with few exceptions, proof of a distinct, independent, and separate offense is never admissible in a criminal trial. *Cawthon v. State*, 119 Ga. 395 (5) (46 SE 897) (1904). See also *Cox v. State*, 165 Ga. 145 (1) (139 SE 816) (1927). The "general rule" was set forth more emphatically in *Bacon v. State*, supra, 209 Ga. at 262 when this Court stated, "[O]n prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, *even though it be a crime of the same sort,* is irrelevant and inadmissible."

These legislative and judicial principles evolved in order "to protect the individual who is charged with crime and to insure him of a fair and impartial trial before an unbiased jury. . . ." Id. We again endorsed these concepts in *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991), where we held that the admission at trial of evidence of a defendant's prior independent acts or offenses must be preceded by a hearing at which specified affirmative showings are made and by the trial court's determination in the record that the affirmative showings have been made satisfactorily. We made mandatory

this pretrial procedure in recognition of the principles that evidence of extrinsic acts committed by the defendant "is highly and inherently prejudicial, raising as it does, an inference that an accused who acted in a certain manner on one occasion is likely to have acted in the same or in a similar manner on another occasion[,]" and that a criminal defendant is " 'entitled to be tried for the offense charged in the indictment, independently of any other offense not connected with the transaction upon which the indictment [is] based.' [Cit.]" Id. at 641-642.

Keeping in mind that every criminal defendant is to be tried only for the crime with which the defendant is charged and that the admission of prior bad acts of the defendant is so "highly and inherently prejudicial" that it is the exception and not the rule, we are now faced with determining the trial court's responsibility to ensure the defendant's right to a fair and impartial trial before an unbiased jury when evidence of independent offenses is admitted at trial. Relying on the holding in *Harrell v. State*, 241 Ga. 181 (2) (243 SE2d 890) (1978), that it is not error for the trial court to fail to give, without request, a limiting instruction when evidence is admitted for one purpose, the majority concludes that the trial court has no responsibility to give the jury direction concerning its use of extrinsic act evidence unless the defendant reminds the court that direction is necessary. *Harrell* involved the admission of hearsay to explain conduct, which evidence, I submit, does not sink to the depths of extrinsic act evidence, which has been branded as being "highly and inherently prejudicial" evidence. I believe that our more recent opinion in *Davis v. State*, 260 Ga. 338 (393 SE2d 260) (1990), is more applicable than *Harrell* when the prejudicial evidence that is extrinsic act evidence is involved. In *Davis*, we were faced with the trial court's admission, without limiting instructions, of testimony concerning an extrinsic act for which the defendant was not being tried. We held that "[w]hen evidence admitted for one purpose is potentially unfairly prejudicial to a party, that party is entitled to have the court instruct the jury to limit its consideration to the one purpose for which the evidence is admissible. [Cits.]" Id.

There is no question but that the admission of evidence of prior acts for which the defendant is not on trial is prejudicial. Id.; *Williams v. State*, supra. When that evidence survives a USCR 31.3 hearing and is deemed admissible, the trial court has ruled, in effect, that the prejudicial impact of the evidence is outweighed by the probative value it provides to the judicially-approved "appropriate purpose" for which the evidence is admitted. Id., 261 Ga. at 642. However, " '[p]resenting a jury with such prior acts evidence serves no useful purpose unless the jury also is given adequate instructions . . . .' " *Prickett v. State*, 220 Ga. App. 244 (2) (469 SE2d 371) (1996).

It falls to the trial court, as the insurer of the defendant's right to a fair and impartial trial before an unbiased jury, to inform the jury of the limited use to which it might put the potentially unfairly prejudicial evidence. In *Kettman v. State*, 257 Ga. 603 (7) (362 SE2d 342) (1987), this Court observed that "[i]t was necessary to give a special charge on previous difficulties so that the jury could be instructed that the evidence could be considered only for limited purposes." See *Wall v. State*, 269 Ga. 506 (2) (500 SE2d 904) (1998) where we stated that the admission of evidence of prior difficulties between the victim and the defendant "should be accompanied by an instruction from the trial judge explaining the limited use to which the jury may put such evidence." See also *Spearman v. State*, 267 Ga. 600 (4) (481 SE2d 814) (1997), where this Court held it was not error for the trial court to fail to give a limiting instruction, in the absence of a request, when "prior difficulties" evidence was admitted and the trial court gave "sufficient instructions" on the proper use of the evidence.[2]

Since the jury cannot perform its role without direction from the trial court, it stands to reason that the trial court must be prepared to give the direction without a prefatory request from the defendant. The trial court is put on notice of the need to prepare and give limiting instructions when it holds a USCR 31.3 hearing and makes the determinations mandated by *Williams v. State*. By its *Williams* ruling, the trial court has put the State and defense counsel on notice that it will permit the State to present evidence that is generally considered inadmissible and irrelevant because it comes within an exception which allows its use for a limited purpose. When that evidence is presented at trial, it is the trial court's duty to make the jury, the body which must consider the evidence, aware that the evidence is admissible only for limited use. The limiting instruction should also be repeated in the general instructions at the close of the evidence. " '[P]roviding the jury with adequate instructions as to the admission of any evidence of similar or logically connected offenses or transactions is *necessary* in the interest of justice.' [Cit.]" *Prickett v. State*, supra, 220 Ga. App. 244 (2). Not giving a limiting instruction permits the jury to consider the independent offenses as direct and substantive evidence of the defendant's guilt of the crime for which he is being tried (*Moore v. State*, 202 Ga. App. 476 (3) (414 SE2d 705) (1992)), which results in the very evil that we have legislatively and

---

[2] But see *Russell v. State*, 265 Ga. 203 (2) (455 SE2d 34) (1995), where we stated that the trial court was not required to give a limiting instruction in the absence of a request. There, the evidence at issue was evidence that the defendant admitted committing the crime for which she was being tried (murder) when she threatened someone else by telling them that she had killed a person. I question whether this constitutes evidence of a prior offense which must undergo the *Williams* procedure.

judicially found abhorrent for a century. In order for the jury to perform its role in providing a defendant a fair and impartial trial, the jury must be made aware by the trial court of the limited use to which it may put evidence of extrinsic acts. As the majority holds otherwise, I must respectfully dissent.

I am authorized to state that Presiding Justice Fletcher and Justice Sears join in this dissent.

DECIDED SEPTEMBER 21, 1998.

*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Assistant District Attorney*, for appellant.
*Lloyd J. Matthews*, for appellee.