## A99A0524. SALTERS v. THE STATE.
### (517 SE2d 593)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of aggravated child molestation, aggravated sexual battery and child molestation. The evidence which authorized these convictions reveals that defendant sexually molested an eleven-year-old girl ("the victim") while he was at the victim's mother's home baby-sitting Amber Halfacre's two-year-old son. Ms. Halfacre testified that she returned to the victim's mother's home with her friend, Cory Spivey, and caught defendant in bed with the victim — with his (defendant's) pants down. Ms. Halfacre testified that the victim informed her that defendant had committed acts which constitute the crimes charged. Cory Spivey testified that he, too, observed defendant in bed with the victim; that defendant jumped out of bed and began adjusting his pants as soon as he and Ms. Halfacre entered the room, and that he observed defendant's naked buttocks as defendant was pulling up his pants. Mr. Spivey further testified that the victim fled to a nearby closet as soon as he opened the bedroom door, he then noticed that the victim was only wearing undergarments. The victim testified that defendant coerced her into the bedroom (where Ms. Halfacre's two-year-old son was napping) and committed acts which constitute the crimes charged.

This appeal followed the denial of defendant's motion for new trial. *Held*:

1. The victim's testimony is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of aggravated child molestation, aggravated sexual battery and child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Swift v. State*, 229 Ga. App. 772 (1), 773 (495 SE2d 109).

2. Defendant contends the trial court erred in admitting certain proof as similar transaction evidence without making the requisite findings under *Williams v. State*, 261 Ga. 640 (409 SE2d 649). Specifically, defendant challenges the admission of testimony that he took the victim to his home on two or three occasions prior to commission of the charged offenses, led the child to his bedroom, locked the door and (according to the victim) kissed her mouth. Defendant also challenges admission of the victim's 15-year-old sister's testimony that

defendant tried to persuade her, after an argument with her boyfriend, to leave home and run away with him to Alabama.

The rules regarding the admissibility of prior acts may be liberally extended in the area of sexual offenses involving children. See *Swift v. State*, 229 Ga. App. 772, 773 (2), 774 (d), supra. With this perspective, we find that the prior acts in question have a logical connection to the offenses charged in that they show either defendant's preference to a certain type of victim, his bent of mind, or his modus operandi. Id. at 774-775, supra; *Perkins v. State*, 224 Ga. App. 63, 65 (3) (479 SE2d 471). The trial court therefore did not err in admitting the proof in question as similar transaction evidence. But assuming the contrary, we find it is highly probable that admission of this evidence did not contribute to the jury's verdict as the evidence of defendant's guilt is overwhelming. *Barrett v. State*, 263 Ga. 533, 535 (2) (436 SE2d 480), overruled on other grounds in *Wall v. State*, 269 Ga. 506, 509 (500 SE2d 904).

This enumeration of error provides no basis for reversal.

3. Citing *Prickett v. State*, 220 Ga. App. 244, 245 (2) (469 SE2d 371), defendant contends the trial court did not adjust its similar transaction jury instructions to the facts and circumstances in the case sub judice.

In *Prickett*, this Court reversed the defendant's conviction because the trial court failed to instruct the jury as to the limited purposes and use of similar transaction evidence. The case sub judice is different because the trial court twice charged the jury as to the limited purposes and use of such evidence in substantial conformity with the pattern jury instruction provided in the Council of Superior Court Judges' Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, Part 3 (O) (2nd ed.), p. 25. Defendant does not show that he requested the trial court to give any other instruction as to law regarding the purposes and use of similar transaction evidence. Under such circumstances, defendant cannot complain that the trial court should have given a different charge on this subject. See *State v. Belt*, 269 Ga. 763 (505 SE2d 1).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED MAY 11, 1999.

*Louis M. Turchiarelli*, for appellant.
*Garry T. Moss, District Attorney, Rachelle L. Strausner, Assistant District Attorney*, for appellee.