### A91A0945. WARSHAM v. THE STATE.
(408 SE2d 122)

McMURRAY, Presiding Judge.

Defendant Warsham appeals his conviction of felony theft by shoplifting. *Held*:

1. Defendant's first enumeration of error contends that the evidence was insufficient to support the verdict. The State's evidence shows that defendant was followed through a department store by a store detective who observed defendant conceal merchandise from three separate departments of the store in a white plastic bag. Defendant was then observed returning to each department of the store from which he had taken merchandise and soliciting a cash refund for the merchandise by representing that he had purchased it earlier. This evidence was sufficient to authorize any rational trier of fact to find proof beyond a reasonable doubt of defendant's guilt of theft by shoplifting. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Williams v. State*, 198 Ga. App. 214 (1) (400 SE2d 638).

2. Defendant's second enumeration of error contends that he was denied his right to confront the witnesses against him and was denied his right to a thorough and sifting cross-examination of the witnesses by the refusal of the State to produce the allegedly stolen items. The record is unclear as to whether the allegedly stolen items had been returned to the shelves of the department store or retained by store security in a locker. In their place, a photograph of the items was introduced. Defendant's only objection at trial was predicated on the best evidence rule and the issues now raised on appeal were not raised at trial. These issues which defendant seeks to raise for the first time on appeal are waived due to the failure to assert them below. *Norman v. State*, 197 Ga. App. 333, 335-337 (4) (398 SE2d 395); *Romano v. State*, 193 Ga. App. 682 (1) (388 SE2d 757).

3. Defendant's final enumeration of error contends that the determination that the offense was a felony was based on inadmissible hearsay. The store detective testified as to the price shown on the price tags attached to the merchandise recovered from defendant. This was sufficient proof of the value of the merchandise (OCGA § 16-8-14 (c)), and the store detective's testimony as to what she saw on the price tag was not hearsay. This enumeration is without merit.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 18, 1991 —
RECONSIDERATION DENIED JULY 3, 1991.

*Steven Reighard*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carl P. Greenberg, Assistant District Attorneys*, for appellee.