A94A0293. SKIVER v. THE STATE.
(444 SE2d 836)

COOPER, Judge.
Defendant was indicted for the rape and aggravated sodomy of his natural daughter and convicted by a jury of both offenses. He appeals his convictions and the sentences entered thereon, raising three enumerations of error.

1. In his first enumeration of error, defendant argues the trial court erred by failing to follow the mandate of *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) before allowing the State to introduce evidence of similar transactions at trial. Specifically, defendant argues that evidence of similar transactions and prior difficulties involving the defendant and the victim should not have been admitted at trial because (1) a proper hearing was not held in conformance with the requirements of *Williams v. State*, supra; and (2) the trial court failed to make the requisite findings required by Uniform Superior Court Rule 31.3 (B) and the *Williams* case.

The record reveals that the State filed a timely notice of similar transactions and prior difficulties prior to trial listing numerous acts of sexual intercourse, oral sodomy, sexual battery, child molestation and aggravated child molestation by defendant against the victim

that took place over the course of approximately ten years. The notice specifically stated that the State was filing the notice "only in abundance of caution . . . [because] the acts of sexual abuse upon the victim by the Defendant were continuous and extensive over a number of years." Before trial commenced, the trial court inquired about the similar transaction evidence. In response, defendant's attorney stated: "Being aware of what Georgia law is I would simply object and hope the law may change one of these days, but I think the state of the law is that what he is talking about is admissible." Even though defense counsel conceded the admissibility of the evidence, the prosecutor nevertheless stated for the record his intent to introduce evidence of prior difficulties between defendant and the victim and proceeded to make the requisite showings required by Rule 31.3 (B) and *Williams*. Following this showing, the trial court simply stated: "Okay." Defense counsel failed to renew his previous objection or raise any new objections following the trial court's ruling.

Contrary to defendant's assertion, the record clearly reveals that a hearing was held on the similar transaction and prior difficulties evidence in accordance with Uniform Superior Court Rule 31.3 (B) and the *Williams* case. The record also shows that although defense counsel may have initially made a general objection to the State's intention to introduce the similar transaction and prior difficulties evidence, immediately thereafter defense counsel explicitly conceded the admissibility of such evidence. Moreover, the record also reveals that following the trial court's ruling allowing this evidence to be used in trial, defendant failed to object to the evidence on the grounds raised on appeal.

Where a Rule 31.3 (B) hearing has been held, as in the present case, "the failure of a defendant to object to the introduction of similar transaction evidence [or prior difficulties evidence] on the basis that the State has not made a sufficient showing and/or the trial court has not made the requisite findings as required by Rule 31.3 (B) and our Supreme Court's decision in *Williams* precludes appellate consideration of those issues. [Cit.]" *Riddle v. State*, 208 Ga. App. 8, 10 (1b) (430 SE2d 153) (1993); *Cavender v. State*, 208 Ga. App. 61 (2) (429 SE2d 711) (1993).

Having determined that defendant's first enumeration of error has not been properly preserved for appellate review, we need not address whether defendant's additional conduct with the victim was "immediately related in time and place to the charge being tried, as part of a single, continuous transaction" as contemplated by Uniform Superior Court Rule 31.3 (E).

2. In his second enumeration of error, defendant argues the trial court erred by refusing to allow the victim's maternal grandmother to testify about the victim's reputation for veracity in the family.

Pretermitting the issue of whether a family can be considered a community for the purposes of obtaining reputation for veracity testimony under OCGA § 24-9-84, we note that the transcript reveals that the only question asked of the victim's grandmother was: "Are you familiar with [the victim's] reputation in the family right now?" After the trial court sustained the State's objection to this question on insufficient foundation grounds, defense counsel immediately withdrew the question without excepting or objecting to the trial court's ruling. Accordingly, this enumeration of error has not been properly preserved by proper objection at trial and will not be considered on appeal. See *Elrod v. State*, 208 Ga. App. 787 (1) (432 SE2d 808) (1993).

3. In his third enumeration of error, defendant argues the trial court erred by allowing the prosecutor to cross-examine defendant's wife (also the victim's mother) about her own alleged sexual abuse as a child. During direct examination defendant's wife testified that she never observed defendant molest the victim, that the victim never complained to her, and that the victim never asked her for protection. On cross-examination, the prosecutor asked the witness: "Ms. Skiver, you did not protect your daughter . . . because you were sexually abused yourself?" Defense counsel immediately objected to this question on the grounds that there was no good faith foundation for this evidence, nor was there "any evidence of this whatsoever." The prosecutor then stated for the record that his good faith basis was his contention that when the victim would ask her mother for help, Ms. Skiver would reply: "I was sexually abused, too, you just have to put up with it."

When cross-examining a character witness for the defendant, "the prosecutor must *be able to* show that the questions posed to the defendant's character witness were asked in good faith and based on reliable information that *can be* supported by admissible evidence." (Punctuation omitted.) *Chisholm v. State*, 199 Ga. App. 746 (1) (406 SE2d 112) (1991). Thus, there is no requirement that the evidence available be actually admitted into evidence. Our review of the transcript in this case reveals that the trial court correctly determined that the State had shown a good faith basis for the question asked of this witness, and this testimony could have been introduced at trial. Accordingly, this enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 24, 1994 —
RECONSIDERATION DENIED JUNE 3, 1994.

*Summer & Summer, Daniel A. Summer*, for appellant.
*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant Dis-*

*trict Attorney*, for appellee.