A95A2538. BELL v. THE STATE.
(466 SE2d 68)

MCMURRAY, Presiding Judge.
Defendant Bell appeals his conviction of possession with intent

to distribute cocaine and possession with intent to distribute cocaine in a publicly owned housing project (OCGA § 16-13-32.5). *Held*:

1. Following his conviction, defendant received a mandatory sentence of life imprisonment pursuant to OCGA § 16-13-30 (d). Prior to and during trial, defendant rejected a succession of plea bargaining offers from the State which would have permitted him to avoid the mandatory life sentence. Via his first enumeration of error, defendant now maintains that it was manifestly in his best interest to have accepted one of those offers and that he did not only because of errors by the trial court in refusing to afford him adequate opportunity to confer with counsel and by the trial court actually participating in the plea negotiations.

Pretermitting the fact that there are no objections on the record to preserve these matters for appellate review, we note that the record shows that while two defense attorneys and the trial court voiced advice that defendant accept the plea bargaining agreement, defendant was not at all receptive to doing so, maintained his innocence, and steadfastly announced his desire for trial of the case. We bypass the question of whether the trial court's conduct amounted to a violation of the prohibition on judicial participation in plea negotiations (Uniform Superior Court Rule 33.5 and *Skomer v. State*, 183 Ga. App. 308 (358 SE2d 886)) and hold that any such error could not be viewed as harmful under the circumstances of the case sub judice. Furthermore, our reading of the transcript fails to reveal any failure by the trial court to afford defendant a reasonable opportunity to confer with counsel concerning the plea bargaining offers.

2. Next, defendant enumerates as error the failure of the trial court to give, without request, instructions to the jury that similar transactions evidence introduced by the State was admitted for a limited purpose and to describe that purpose. When evidence is admitted for a limited purpose it is not error for the trial court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, in the absence of a proper request to so instruct the jury. *Moore v. State*, 202 Ga. App. 476, 479 (3), 480 (414 SE2d 705); *Thomas v. State*, 199 Ga. App. 49, 50 (4) (404 SE2d 315). Since he made no such request to charge, defendant was not entitled to a limiting instruction upon admission of the similar transaction evidence or in the general charge. *Evans v. State*, 201 Ga. App. 20, 28 (8) (410 SE2d 146). We further note that unlike the defendant in *Moore v. State*, 202 Ga. App. 476, 479 (3), 480, supra, the defendant in the case sub judice apparently had ample opportunity to submit a written request to charge, so is not similarly excused from application of the general rule applicable to this issue.

3. Defendant's third enumeration of error complains of remarks made by the prosecutor during closing argument to which no objec-

tion was made. "When no timely objection is interposed, the test for reversible error is not simply whether or not the argument is objectionable, or even if it might have contributed to the verdict; the test is whether the improper argument in reasonable probability changed the result of the trial." *Tharpe v. State*, 262 Ga. 110, 113 (16), 114 (416 SE2d 78). The alleged error here is that the prosecutor attempted to define the term reasonable doubt for the jury and thereby, according to defendant, presumed to instruct the jury concerning the law. We believe that it is highly unlikely that this altered the verdict in the case sub judice and therefore conclude that no relief is warranted.

4. Next, we find no error in the trial court's curtailing defendant's unresponsive if not unsolicited testimony on cross-examination. Nor did the trial court's admonition to defendant, "just don't volunteer" amount to a comment on the evidence.

5. The final enumeration of error contends that the trial judge erred by failing to conduct a requested and legislatively mandated presentence hearing. But the trial transcript shows that the required presentence hearing was in fact conducted a brief time following the return of the verdict in the case. Contrary to defendant's argument the trial court was not required, under OCGA § 17-10-2 (a) to "recess the trial for the purpose of taking the sentence . . . under advisement." Under the statute, at the conclusion of the evidence and arguments at the presentence hearing, the trial court may either impose sentence or take such a recess. Defense counsel requested a recess to permit research into certain issues of law related to the sentencing. But since these legal issues should have been apparent to defense counsel prior to trial, there was clearly no abuse of discretion in refusing the request for a recess. Furthermore, no harm to defendant due to the immediate imposition of sentence has been shown. See *Scott v. State*, 216 Ga. App. 692, 693 (3) (455 SE2d 609).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED DECEMBER 19, 1995 — 

*Cathy M. Alterman*, for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Assistant District Attorney*, for appellee.