## A96A2505. NEWPORT v. THE STATE.
(480 SE2d 868)

McMurray, Presiding Judge.

Defendant was tried before a jury and convicted of aggravated child molestation and child molestation. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in sentencing him for two separate offenses, arguing that the two offenses involved the same conduct and the same victim.

" 'If both convictions were based upon the same, single act, only one conviction could stand. (Cit.)' *Garrett v. State*, 188 Ga. App. 176 (3) (372 SE2d 506) (1988). See also *LaPalme v. State*, 169 Ga. App. 540 (1) (313 SE2d 729) (1984)." *Huggins v. State*, 192 Ga. App. 820, 821 (2) (386 SE2d 703). In the case sub judice, defendant was charged with aggravated child molestation based on his having placed his sex organ in contact with the child's vagina and vaginal area, "which did result in physical harm to said child," and with child molestation based on his having touched the victim's breasts, vagina and vaginal area. The aggravated child molestation offense was proved without reference to the act of child molestation and was factually and legally distinct from it. Specifically, the child molestation conviction is supported by the 13-year-old victim's testimony that defendant touched her breasts, vagina and vaginal area on one occasion in May 1995, and the aggravated child molestation conviction is supported by the child's testimony that defendant placed his sex organ in contact with her vagina and vaginal area, causing the child physical trauma, on another occasion in May 1995. Accordingly, since the indictment charged defendant with committing the two crimes by means of separate and different sexual acts — each factually and legally distinct from the other and proved without reference to the other — the trial court did not err in entering judgments of conviction and sentences against defendant on each of the two offenses. *Garrett v. State*, 188 Ga. App. 176, 177 (3), supra.

2. Next, defendant contends the trial court erred in failing to give the jury, without request, instructions that similar transactions evidence introduced by the State was admitted for a limited purpose and to describe that purpose.

"When evidence is admitted for a limited purpose it is not error for the trial court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, in the absence of a proper request to so instruct the jury. *Moore v. State*, 202 Ga. App. 476, 479 (3), 480 (414 SE2d 705); *Thomas v. State*, 199 Ga. App. 49, 50 (4) (404 SE2d 315)." *Bell v. State*, 219 Ga. App. 553, 554 (2) (466 SE2d 68). In the case sub judice, defendant made no such request to charge. He therefore was not entitled to a limiting instruction upon

admission of the similar transaction evidence or in the general charge. *Evans v. State*, 201 Ga. App. 20, 28 (8) (410 SE2d 146).

3. Defendant's contention that the evidence is insufficient to sustain his conviction for aggravated child molestation is without merit. The victim's testimony alone is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of aggravated child molestation as charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Hardy v. State*, 210 Ga. App. 811, 813 (4) (437 SE2d 790).

*Judgment affirmed. Johnson, J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED JANUARY 22, 1997 — RECONSIDERATION DENIED FEBRUARY 4, 1997 —

*Mitchell & Mitchell, E. Neil Wester III, Gee G. Vaughn*, for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.