## A97A0548. BELT v. THE STATE.
### (489 SE2d 157)

POPE, Presiding Judge.

Defendant Christopher Belt was indicted for possession of cocaine with intent to distribute. He pled not guilty and demanded a jury trial. Prior to trial, the trial court conducted a hearing pursuant to USCR 31.3 (B) to determine whether the State would be allowed to introduce similar transaction evidence. Specifically, the State sought to introduce evidence regarding defendant's conviction for two previous cocaine sales. During the hearing, the State satisfactorily made the showings required by Williams v. State, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), and after acknowledging this fact on the record, the trial court ruled that the similar transaction evidence would be allowed for the limited purposes of showing identity, intent and state of mind. Subsequently, the similar transaction evidence was introduced, but no limiting instruction concerning this evidence was ever given to the jury. Thereafter, the jury convicted defendant. Defendant appeals asserting two enumerations of error.

1. In his first enumeration, defendant acknowledges that no oral or written request for a limiting instruction was made by his trial counsel and that his trial counsel also failed to raise or reserve any objection to the charge actually given to the jury. Nevertheless, he contends that his conviction should be reversed based on the trial court's failure to instruct the jury regarding the limited purposes for which the similar transaction evidence was being admitted and the extent to which it could be considered. Under the circumstances presented in this case, we agree with defendant.

Although it is true that when evidence is admitted for one pur-

pose, it generally is not error for a trial court to fail to instruct the jury to limit its consideration of said evidence to that one purpose absent a written request, see *Prickett v. State,* 220 Ga. App. 244, 245-246 (2) (469 SE2d 371) (1996); *Moore v. State,* 202 Ga. App. 476, 480 (3) (414 SE2d 705) (1992), we are unaware of any Supreme Court of Georgia decision issued after *Williams* and *Stephens v. State,* 261 Ga. 467 (405 SE2d 483) (1991), holding this general rule applicable to a situation such as that found here. And to the extent that there may be some Supreme Court cases, or for that matter, cases from this Court, decided prior to *Williams* and *Stephens* applying the general rule to situations involving prior similar transaction evidence, we conclude that they are distinguishable and not controlling. We reach this conclusion because any such cases could not have taken into account the importance of the holdings in *Williams* and *Stephens* and their recognition of the necessity of protecting an accused from the prejudice of having a jury consider any prior acts committed by the accused for an improper purpose during trial of the accused for a subsequent crime.

Specifically, in *Williams* and *Stephens* the Supreme Court established mandatory procedural safeguards designed to protect an accused. Pursuant to those safeguards, before any prior transaction evidence can be introduced, the State must make three separate showings to the trial court during a hearing conducted prior to trial. The State must show the trial court that (1) the prior transaction evidence is being introduced for some appropriate purpose that is an exception to the general rule of inadmissibility; (2) there is sufficient evidence that the accused committed the prior act in question; and (3) there is sufficient similarity between the prior independent act and the current crime charged such that proof of the former tends to prove the latter. *Williams,* 261 Ga. at 642. Additionally, during the course of the trial, the State must also present evidence to the trier of fact regarding the second and third showings. Id.; *Stephens,* 261 Ga. at 468-469 (6). Clearly this is to enable the trier of fact to make a reasoned determination as to whether the prior transaction evidence is in any way relevant and can be considered in assessing defendant's guilt in the case before it. It is implicit, however, in the *Williams* and *Stephens'* holdings, that such a determination can only be made upon proper instruction from the trial court regarding the limited purpose for which the prior transaction evidence is being introduced and can be considered. Failing to acknowledge this would effectively negate the purpose behind implementation of the abovementioned safeguards in that it would allow a jury to consider prior similar transaction evidence as substantive direct evidence of a defendant's guilt in the case at hand, or for any other improper purpose, so long as the evidence could have been considered for some legitimate purpose

outside the jury's knowledge.

As to those cases involving the introduction of prior similar transaction evidence decided by this Court after *Williams* and *Stephens*, we acknowledge that there is a split of authority regarding applicability of the general rule. In cases typified by *Bell v. State*, 219 Ga. App. 553, 554 (2) (466 SE2d 68) (1995) and *Sloan v. State*, 214 Ga. App. 784, 785-786 (2) (449 SE2d 328) (1994), the general rule was applied. But in cases such as *Prickett* and *Moore*, this Court concluded that the failure to give an instruction regarding the limited scope and purpose of such evidence, even though unrequested, is so blatantly and plainly erroneous as a matter of law as to require the reversal of a conviction because it deprives a defendant of the right to a fair trial to determine his or her guilt or innocence. *Prickett*, 220 Ga. App. at 245-246 (2); *Moore*, 202 Ga. App. at 480-482 (3). In *Prickett*, it was also held that in the presence of such blatant error a defendant's failure to specifically object or reserve objection to any omission regarding the limited scope and purpose of similar transaction evidence in the general charge did not waive the matter for purposes of appellate review. 220 Ga. App. at 245-246 (2); see *Laney v. State*, 184 Ga. App. 463, 467 (2) (361 SE2d 841) (1987).

Upon consideration of the two lines of authority set forth above, we conclude that *Prickett* and *Moore*, with their acknowledgment of an exception to the general rule in cases involving the introduction of prior similar transaction evidence, are the better reasoned because they are in sync with the underlying purposes, considerations and rationale found in *Williams* and *Stephens* as well as the procedural safeguards found therein. Accordingly, to the extent that cases such as *Bell* and *Sloan*, or any other cases decided by this Court, fail to acknowledge such an exception to the general rule, they are hereby overruled.

As acknowledged in *Prickett*, " '[p]resenting a jury with [similar transaction] evidence serves no useful purpose unless the jury also is given adequate instructions regarding (the) issues of fact they must resolve from the evidence before they can consider the similar act or transaction for the limited purpose for which [it] was introduced. Moreover, providing the jury with adequate instructions as to the admission of any evidence of similar or logically connected offenses or transactions is *necessary* in the interest of justice. . . .' (Emphasis in original.) *Adams v. State*, 208 Ga. App. 29, 37 (3) (e) (430 SE2d 35) (1993)." 220 Ga. App. at 246 (2). To hold otherwise would be to ignore the recognition and express prohibition found in the suggested pattern jury instructions pertaining to the introduction of similar transaction evidence, that "[s]uch evidence, if any, may not be considered by [the jury] for any other purpose [than the stated purpose for which it was admitted]." See Counsel of Superior Court Judges of Georgia,

Suggested Pattern Jury Instructions, Vol. II, pp. 24-25 (Rev. 1996). And in essence, such a holding would not only allow, but would sanction a jury's consideration of previous independent acts or crimes committed by an accused as substantive and direct evidence of an accused's guilt on trial in a subsequent case. *Moore*, 202 Ga. App. at 481 (3).[1] Clearly, this is impermissible and would violate the well settled rule that absent jury consideration for a specified limited purpose, "evidence which in any manner shows or tends to show that [an] accused has committed another crime wholly independent from that for which [the accused] is on trial, *even though it be a crime of the same sort*, is irrelevant and inadmissible." (Citation and punctuation omitted; emphasis in original.) *Stephens*, 261 Ga. at 469 (6).

Accordingly, we now hold that in cases where the trial court has conducted the requisite preliminary hearing and thereafter determined that similar transaction evidence will be admitted at trial for a specified limited purpose, it is incumbent upon the trial court to instruct the jury, preferably at the time the evidence is introduced and in its general charge to the jury, regarding the fact that the accused is not on trial for any prior acts and that such acts are only to be considered for that specified limited purpose and not for any other purpose. Additionally, immediately after so instructing the jury, it is incumbent upon the trial court to further instruct the jury that before it can consider any prior act for the limited purpose specified, it should first determine whether the accused actually committed the prior act, and if so, whether the act was similar enough to the crime with which the accused is now charged so that proof of the prior act in light of the limited purpose for which it was introduced tends to prove the latter crime. See *Prickett*, 220 Ga. App. at 246 (2). Because the trial court failed to do this in the case at bar, we reverse defendant's conviction and remand the case for a new trial.

2. In light of our holding in Division 1, we need not address defendant's second enumeration of error, in which he contends that his conviction must be reversed based on his trial counsel's alleged ineffectiveness in failing to request a limiting instruction or charge regarding the admission of similar transaction evidence and in fail-

---

[1] This is especially true under the specific facts in this case. Absent a limiting instruction regarding evidence of defendant's prior conviction for selling cocaine, the trial court's general charge specifically instructed the jury to treat documentary evidence admitted at trial pertaining to that conviction, as well as the testimony of the officer that presented evidence relating to the facts surrounding the prior conviction, as direct evidence which "point[ed] immediately to the question at issue," i.e., defendant's guilt in the present case. As such, the general charge instructed the jury to do something that is expressly forbidden by law. The general charge therefore contained a substantial error which was harmful as a matter of law and which requires reversal and remand of the case for a new trial. See *Moore*, 202 Ga. App. at 481 (3).

ing to object or reserve objection to the trial court's general charge.

*Judgment reversed. Johnson, Blackburn and Smith, JJ., concur. Beasley, J., concurs specially. Ruffin, J., concurs in the judgment only. Andrews, C. J., McMurray, P. J., Birdsong, P. J., and Eldridge, J., dissent.*

BEASLEY, Judge, concurring specially.

I concur fully but would go back beyond *Williams*[2] and *Stephens*[3] for the foundation of the requirement that the trial court instruct the jury even absent a request. *Williams* and *Stephens* established the procedure which the State must follow when it wishes to introduce evidence of similar transactions. Adherence to the curbing requirements is mandated by these cases to assure that the impact of the influential evidence is limited to a legitimate purpose and use.

The reason for the carefully constructed procedure was expressed much earlier, as pointed out with reference to prior authority in *Bacon v. State*, 209 Ga. 261, 262 (71 SE2d 615) (1952). The Supreme Court stated succinctly in *Bacon*: "It is a fundamental principle in our system of jurisprudence, intended to protect the individual who is charged with crime, and to insure him of a fair and impartial trial before an unbiased jury, that the general character of the defendant and his conduct in other transactions is irrelevant unless the defendant chooses to put his character in issue." Id. To this end, the general rule of exclusion tolerates only a limited, circumscribed exception, and without the circumscription of a proper jury charge, the "fundamental principle" is lost altogether.

Since the burden is on the State to prove the exception, through the proper means of a hearing pursuant to USCR 31.3 (B) and the strictures of *Williams* and *Stephens*, it bears a responsibility to ensure that the jury is properly instructed lest the fundamental principle is offended. Otherwise it runs the risk of reversal, as the omission of such a charge constitutes "a substantial error . . . which [is] harmful as a matter of law regardless of whether objection [is] made . . . or not." OCGA § 5-5-24 (c). *Moore v. State*, 202 Ga. App. 476, 481-482 (3) (414 SE2d 705) (1992). This point in *Moore* was overlooked in *Bell v. State*, 219 Ga. App. 553, 554 (2) (466 SE2d 68) (1995), and the precedent of *Moore* was not considered at all in *Sloan v. State*, 214 Ga. App. 784, 785-786 (2) (449 SE2d 328) (1994).

In considering whether it is incumbent on defendant to request a limiting charge, the requirement of such a charge is an implicit step in the procedure for introduction of such evidence when the State successfully negotiates the USCR 31.3 (B) hearing. The charge is

---

[2] *Williams v. State*, 261 Ga. 640, 642 (2) (409 SE2d 649) (1991).
[3] *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991).

part and parcel of the procedural due process which must be accorded to a defendant when such evidence is presented to a jury.

MCMURRAY, Presiding Judge, dissenting.

I respectfully dissent because the Court of Appeals of Georgia has no authority to overrule the Supreme Court of Georgia. "It is as elemental as ABC that the Court of Appeals is bound by decisions of the Supreme Court." *Hogan v. State;* 118 Ga. App. 398, 400 (163 SE2d 889).

The well rooted maxim the majority assaults in the case sub judice is not unique to this Court's decisions in *Bell v. State*, 219 Ga. App. 553, 554 (2) (466 SE2d 68), and *Sloan v. State*, 214 Ga. App. 784, 785 (2) (449 SE2d 328). Long ago, the Supreme Court of Georgia stated: "It is well recognized that when evidence is admitted for one purpose, . . . it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury.* [Cits.]" *Harrell v. State*, 241 Ga. 181, 186 (2) (243 SE2d 890). And contrary to the majority's interpolation, nothing in *Williams v. State*, 261 Ga. 640, 641 (2) (409 SE2d 649), or *Stephens v. State*, 261 Ga. 467 (405 SE2d 483), changes this rule in similar transaction cases. Indeed, the Supreme Court has applied this rule in a case involving "similar transaction evidence." See *Jackson v. State*, 204 Ga. 47, 56 (3) (48 SE2d 864). And the author of the majority opinion concurred in applying the maxim in question in *Rayner v. State*, 190 Ga. App. 746 (380 SE2d 342), also a case involving "similar transaction evidence."

Since the Supreme Court holding in *Jackson v. State*, 204 Ga. 47, 56 (3), supra, was not disapproved in *Williams* or *Stephens* or any other Supreme Court decision and since the Court of Appeals cannot overlook such superior authority, I would affirm defendant's judgment of conviction and sentence for possession of cocaine with intent to distribute.

I am authorized to state that Chief Judge Andrews, Presiding Judge Birdsong, and Judge Eldridge join in this dissent.

ELDRIDGE, Judge, dissenting.

I concur with Presiding Judge McMurray and wish to make the further observation that *Williams v. State*, 261 Ga. 640, 641 (2) (409 SE2d 649) (1991) and *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991), are rules of *admissibility* to ensure that the prior similar crimes are relevant, similar, and thus, admissible; such protection was fully afforded upon the trial judge holding a hearing to see if the three prongs of the *Williams* test were satisfied prior to such evidence being admitted at trial and the determination that such evidence was in fact admissible.

A defendant waives a *Williams* objection to the admission of evidence as to prior similar criminal conduct by failure to timely object to the underlying right to exclude bad character from being placed before the jury. *Skiver v. State*, 213 Ga. App. 424, 425 (1) (444 SE2d 836) (1994); *Kincer v. State*, 208 Ga. App. 360, 361 (430 SE2d 597) (1993); *Jackson v. State*, 205 Ga. App. 513, 514 (422 SE2d 673) (1992); *Hunter v. State*, 202 Ga. App. 195, 196-197 (3) (413 SE2d 526) (1991). How then can a defendant not waive the failure to give a *Williams* jury limiting instruction by: (1) the failure to request the instruction, or (2) the failure to object when such limiting instruction is not given? Clearly, the underlying right to be protected, itself, can be waived. Thus, the answer to such question is that the general law of waiver of a jury charge, or other error, by failure to timely object does apply, as Presiding Judge McMurray points out in his dissent. While it is the better practice to give such limiting instruction, whether requested or not by the defense, the majority would create a new defense right to automatic reversal absent such charge, despite the general body of law to the contrary.

OCGA § 24-9-20 (b) states in part "that no evidence of general bad character or prior convictions shall be admissible" for purposes of impeachment when the defendant testifies. *Williams* was decided to safeguard this uniquely Georgia evidentiary rule; "[i]n order to protect an accused and to insure him of a fair and impartial trial before an unbiased jury, we have long embraced the fundamental principle [of Georgia rules of evidence] that the general character of an accused is inadmissible unless the accused chooses to put his character in issue." *Williams*, supra at 641. In actuality, *Williams* does not protect a fundamental "due process right," or even a fundamental evidentiary right under Georgia rules of evidence, because under the Federal Rules of Evidence and the vast majority of states that have adopted these modern rules of evidence, a defendant's prior convictions *are* admissible, e.g., "[j]udgment[s] of previous conviction. Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year . . . when offered by the Government in a criminal prosecution for purposes other than impeachment." Fed. Rules of Evid., § 803(22); Weinstein's Evidence, §§ 803(2)[02]; 803(22)[02].

The majority of this Court seeks to fashion a new right, which runs counter to the well established criminal jurisprudence, procedure, and rules of evidence, and which is unnecessary to safeguard a defendant's rights. Let the defendant protect himself the old fashion way, by making a timely objection to perfect the record and thereby allow the trial judge the opportunity to correct his own mistake, if any, and to rule on the objection. The appellate courts have no busi-

ness micromanaging trials, absent a violation of a fundamental right.

I am authorized to state that Presiding Judge McMurray and Presiding Judge Birdsong join in this dissent.

DECIDED JULY 16, 1997 —

John T. Rutherford, Lloyd J. Matthews, for appellant.

Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Assistant District Attorney, for appellee.