A97A2055. GLENN v. THE STATE.
(491 SE2d 92)

ELDRIDGE, Judge.
On April 19, 1995, appellant Sharon Glenn was convicted of cru-

elty to children, OCGA § 16-5-70 (b), and aggravated child molestation, OCGA § 16-6-4 (a), (c). Upon sentencing, the cruelty conviction was merged into the aggravated child molestation conviction, and she was sentenced to ten years to serve. She appeals, and we affirm her convictions.

1. Appellant asserts that the evidence was insufficient to convict appellant of aggravated child molestation. We disagree.

"On appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]" *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). The applicable standard of review by this Court is whether a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the crimes for which she was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). Further, aggravated child molestation occurs when a person, during an act of child molestation, physically injures or sodomizes the child. OCGA § 16-6-4.

In the case sub judice, appellant is the mother of the victim, who was seven years old at the time of the assaults at issue. The victim testified that, on four occasions in 1991, appellant took him to a neighbor's house, where they met Kennard Blount; that appellant accepted drugs from Blount; that appellant then ordered the victim to pull down his pants and lay down on his stomach; that appellant held the victim down by sitting on the victim's shoulders; and that appellant allowed Blount to anally sodomize the victim. The victim also testified that Blount's penis entered his anus; that the assaults caused him pain; and that he cried after the encounters. According to the victim, he did not tell anyone about the encounters because his mother had threatened that he would be in "big trouble" if he reported the abuse. The victim subsequently entered counseling for behavioral problems linked to the assaults.

In order to obtain a conviction, "[t]here is no requirement that the testimony of the victim of child molestation or aggravated child molestation be corroborated." (Citation and punctuation omitted.) *Turner v. State*, 223 Ga. App. 448, 449 (1) (b) (477 SE2d 847) (1996); see also *Newport v. State*, 224 Ga. App. 481, 482 (480 SE2d 868) (1997); *Weeks v. State*, 187 Ga. App. 307, 308 (370 SE2d 344) (1988). Nevertheless, the testimony of the victim in the case sub judice was

corroborated by Blount, who pled guilty to aggravated child molestation as a result of one of these incidents. He testified at appellant's trial and admitted that he had had an encounter with appellant and the victim, during which time he undressed and pressed his penis against the victim's anus, although he denied any penetration; he testified that this act was performed in the presence and at the direction of the appellant. Although the details of Blount's testimony differed in many respects from the victim's version of the incidents, such differences go to the weight and credibility, not the sufficiency, of the evidence. *Heard v. State*, 221 Ga. App. 166, 167 (471 SE2d 22) (1996); *Brewer v. State*, 219 Ga. App. 16 (463 SE2d 906) (1995). Evidence of the essential facts remained the same, i.e., Blount admittedly molested the victim with the assistance of appellant.

The victim's testimony also was corroborated through evidence of his subsequent outcry to a therapist and to his grandmother, both of whom testified at trial. A police officer and a physician also testified regarding the victim's description of the abuse during the investigation of the incidents. All of the descriptions of the abuse were remarkably consistent. In addition, the investigating police officer testified that he drove around the neighborhood with the victim, after the victim had spotted Blount on the street. When they again saw Blount, the victim crouched down in the seat of the car to avoid detection by Blount. Further corroborating the victim's version of events was the testimony of a physician who examined the victim and testified that, while performing a manual rectal examination on the victim, the victim remarked that Blount's penis "went in like that." The physician testified that such a remark was very unusual for a young boy to make absent sexual abuse.

The evidence presented showed that Blount sodomized the victim and that appellant actively participated in the crime. The evidence in the case sub judice supports a finding that appellant was a party to the crime of aggravated child molestation in that she intentionally aided and abetted Kennard Blount in anally sodomizing the victim. OCGA §§ 16-2-20; 16-6-4 (a), (c). There was no error.

2. Appellant also challenges her conviction for cruelty to children. OCGA § 16-5-70 (b) provides that a "person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." The evidence presented, as outlined in Division 1, supra, showed that appellant caused the victim to experience the physical and mental pain associated with forced anal sodomy so that she could obtain drugs from Blount. As such, the evidence was sufficient to support a conviction for this crime under the standards of *Jackson v. Virginia*, supra.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 6, 1997.

*James D. Michael*, for appellant.
*J. Tom Morgan*, District Attorney, *Robert M. Coker, Lee A. Mangone*, Assistant District Attorneys, for appellee.