A97A1107. PARSON v. THE STATE.
(493 SE2d 256)

POPE, Presiding Judge.

Defendant Floyd Parson was convicted by a jury of arson, burglary, and misdemeanor stalking. On appeal, he challenges the admission of evidence of other offenses he committed against the same victim (his former common-law wife) and her family. Concluding that (1) the evidence was properly admitted because the other offenses were logically connected to those charged in this case, and (2) the trial court's charge adequately informed the jury of the limited purposes for which it could consider this evidence, we affirm.

In this case, defendant was charged in two counts with breaking into his ex-wife's house, stealing her VCR, and setting her bed on fire. The third count involved a separate incident in which defendant threw a piece of metal through a window of his ex-wife's home, after being ordered to stay away. The evidence of other offenses showed that over the course of their relationship (more than ten years), defendant subjected the victim to numerous beatings and threats, including the threat to burn her house down. He broke into her mother's house and stole checks and into her own house where he attacked their son. He frequently took her car without permission and at other times cut her tires, broke the windshield of her car, or threw things through the window of her home.

1. Defendant argues that the trial court erred in admitting evidence of his other offenses because the other offenses were not sufficiently similar to those charged in this case. But under *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), there must be sufficient similarity *or* sufficient connection between the other offenses and the charged offenses "so that proof of the former tends to prove the latter." After a USCR 31.3 (B) hearing, the trial court explicitly determined that although the other offenses were not similar to the charged offenses, they were all sufficiently connected to the charged offenses to be legally relevant because they were all part of an ongoing pattern of intimidating and harassing conduct toward the victim and her family. This determination was not clearly erroneous. Cf. *Mitchell v. State*, 206 Ga. App. 672, 673 (2) (426 SE2d 171) (1992) (trial court's determinations regarding admission of evidence of other offenses are reviewed under clearly erroneous standard). Nor did the trial court err in determining that the other offenses were offered to show defendant's bent of mind, motive, intent, mode of operation, and course of conduct or in determining that there was sufficient evidence to show that defendant committed the other offenses. Accordingly, the evidence of other offenses was properly admitted. See also *Hawkins v. State*, 264 Ga. 484 (2) (448 SE2d 214) (1994) (prior threat to commit charged offense is legally relevant to show intent and continuing course of conduct).

2. Defendant also contends reversal is warranted because the trial court failed to properly instruct the jury on the purposes for which it could consider the evidence of other offenses. Specifically, he points out that the trial court instructed the jury that it could consider the evidence of other offenses in relation to identity as well as to defendant's state of mind. We note that defendant did not submit a written request to charge the jury on the purposes for which it could consider evidence of the other offenses, even though the court's decision to admit the evidence of those offenses was issued well before trial; nor did he point out to the court at trial that it had added identity to the purposes for which the evidence could be considered, even though the court could have easily corrected its error at that time.

In *Belt v. State*, 227 Ga. App. 425 (1) (489 SE2d 157) (1997), we recently held that even in the absence of a request to charge, the trial court must always adequately instruct the jury on the limited purposes for which evidence of similar incidents or transactions may be considered. We reversed in *Belt* due to the court's failure to give a limiting instruction on the similar transaction evidence. But in *Belt*, the court failed to give any limiting instruction at all, leaving the jury free to consider the evidence for any purpose it chose. Here, the court did instruct the jury on the purposes for which they could consider the evidence of similar incidents, but in doing so mistakenly

included a purpose which was not even at issue in the case. Under these circumstances (i.e., the inaccuracy in the instruction was minor and the defendant failed to submit a written request to charge), we conclude the court's instruction adequately informed the jury about the limits on its consideration of evidence of similar incidents.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED NOVEMBER 3, 1997 — 

*Ronald R. Parker*, for appellant.

*H. Lamar Cole, District Attorney, Mark E. Mitchell, Assistant District Attorney*, for appellee.