A97A1915. CALLAWAY v. THE STATE.
(496 SE2d 349)

SMITH, Judge.

A DeKalb County jury convicted Derrick Callaway of theft by receiving a stolen motor vehicle. On appeal, Callaway claims the trial court erred by admitting similar transaction evidence and by giving confusing or misleading similar transaction jury instructions. We disagree and affirm.

1. Callaway contends the trial court erroneously admitted as a similar transaction his guilty plea to theft by receiving a motor vehicle, a plea entered about one month before the incident charged in the present case. The trial court admitted the prior conviction to show "state of mind, knowledge, or intent."

Similar transaction evidence is admissible when, after a hearing, the trial court finds that "the State wishes to introduce evidence of the independent offense for an appropriate purpose; that the defendant committed the independent act; and that the independent act and the act for which the accused is being tried have a 'sufficient connection or similarity . . . that proof of the former tends to prove the latter.' [Cit.]" *Andrews v. State,* 267 Ga. 473, 475 (2) (480 SE2d 29) (1997). The similar transaction does not have to be identical to the crime for which the defendant stands accused. In fact, the admissibility of a similar transaction is not dependent on the number of similarities between the prior act and the crime charged. Rather, admissibility turns on whether the similarities tend to show that the prior act is relevant to a proper issue at trial. *Maggard v. State,* 259 Ga. 291, 292-293 (2) (380 SE2d 259) (1989); *Jones v. State,* 226 Ga. App. 721, 723 (487 SE2d 618) (1997).

In the case appealed, Callaway was stopped after midnight for speeding. The officer noticed the Jeep's steering column was broken.

When the officer checked the tag, he found it belonged on a Ford Gran Torino. In the prior case, Callaway pled guilty to theft by receiving a stolen Taurus. Callaway was arrested late in the evening in response to a call regarding a driver who was seen slumped over the wheel while stopped at an intersection. The arresting officer could not check the status of the Taurus's tag because it was a dealer "drive-out" tag; however, a check of the VIN number revealed the car to be stolen. The prior offense occurred in the same neighborhood as the crime charged. The trial court found these incidents similar because in both cases Callaway was driving a car that did not belong to him, the cars had improper tags, the cars were of a like class and value, both incidents occurred in the same area of the county, and in both cases Callaway claimed he borrowed the car from a third party. The trial court did not err in admitting the similar transaction evidence because it was relevant to show Callaway's state of mind, that is, whether he intended to retain a car he knew or should have known was stolen. Uniform Superior Court Rule 31.3; *Maggard v. State*, supra.

2. The trial court gave limiting instructions after the similar transaction evidence was admitted and in its final charge to the jury. Callaway argues these instructions were inadequate, confusing, and misleading because they did not limit the jury's consideration of the similar transaction evidence to the only purpose for which the evidence was admitted, that is, to show Callaway's knowledge that the Jeep was stolen. Rather, when the evidence was admitted the court charged the jury that "you are strictly limited in your consideration of this evidence as to the issues of state of mind, an element of the offense charged in this indictment." And, in the final jury instructions, the court charged that the similar transaction evidence may be considered for "the limited purposes of showing if it does, the state of mind and knowledge of the intent or intent of the defendant in the crimes charged in the case before you now on trial." Callaway argues that "state of mind" and "knowledge" and "intent" are sufficiently dissimilar concepts such that their use in this context would mislead and confuse the jury. Specifically, he argues that "state of mind" can be interpreted to mean a general criminal propensity rather than a present intent to knowingly retain a stolen vehicle. Reading the charges as a whole, we cannot agree.

"Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. [Cits.]" *English v. State*, 202 Ga. App. 751, 757 (10) (415 SE2d 659) (1992). In the present case, the court fully charged the jury on the elements of theft by receiving stolen property and the knowledge

required on the part of the defendant. Moreover, the similar transaction charges given substantially tracked that included in Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 24 (2nd ed.). We do not believe that jurors of ordinary intelligence would believe they were authorized to consider the similar transaction evidence for any purpose other than whether Callaway knew or should have known at the time of the incident that he was in possession of a stolen car. We find that the trial court's instructions fulfilled the purpose of limiting the jury's consideration of the similar transaction evidence to issues both proper and relevant to the case. See *Belt v. State*, 227 Ga. App. 425 (489 SE2d 157) (1997).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 28, 1998.

*John O. Ellis, Jr.*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Anne Long, Assistant District Attorneys*, for appellee.