### A98A0222. LOONEY v. THE STATE.
(503 SE2d 79)

Judge Harold R. Banke.

Neil Looney was convicted of two counts of simple battery. He enumerates four errors on appeal, each challenging the admission of similar transaction testimony by his ex-wife.

This case arose in the wake of a domestic altercation. At about 11:30 p.m., a neighbor heard the victim, Looney's live-in girl friend, screaming. She looked out her door and saw the intoxicated Looney standing over the prone victim. The victim begged, "Neil, let go of me" and "call 911." While the neighbor immediately called 911, the victim began banging on her door, seeking entry to escape Looney. After the neighbor let the victim in, Looney began knocking, asking to talk to the victim.

The neighbor testified that the hysterical and intoxicated victim initially begged her not to let Looney near. The victim had bruises on her arm, damage to her kneecap, and an open cut on the bridge of her nose which was also bleeding from inside. She told the neighbor, "I think he broke my nose." The victim explained that she had tried to have a discussion with Looney about fidelity after a woman called their apartment for him. Eventually, Looney pulled the phone from the wall and initiated the physical abuse.

While awaiting the police, the victim calmed and appeared to have a change of heart, stating, "I need to call Neil and let him know what's going on, the police can't come, they can't arrest him." The neighbor stood in front of her door to prevent the victim from returning to Looney. When the police arrived the victim was less than forthcoming, stating she could not remember what happened, and she did not want Looney to go to jail.

After Looney's arrest, the State filed a notice of intent to present evidence of similar transactions involving Looney's ex-wife and son. The notice specified that this evidence's purpose was to "establish identity, motive, scheme, bent of mind, and/or course of conduct." At the initial similar transaction hearing, the State proffered evidence that Looney committed battery on his ex-wife. At that time, the State specified that it intended to use the evidence to show course of conduct and scheme.

After Looney complained that proffering evidence would not permit a ruling on similarity, the State agreed to provide the ex-wife at

a subsequent similar transaction hearing. At this hearing, the ex-wife testified that the year before, the intoxicated Looney began yelling at her, pushed her against the wall, spit in her face, tried to jab his hand in her vagina, and threw her to the floor. The victim in the instant case, however, recanted her statements to the neighbor and testified that she attacked Looney and he hit her only once to calm her. The trial court rejected Looney's contention that the evidence was not sufficiently similar and admitted the testimony. *Held*:

1. Looney contends that the trial court abridged his Sixth Amendment rights by not permitting him to cross-examine the witnesses at the similar transaction hearing. Because Looney failed to raise this issue in the trial court, it is waived. *Warsham v. State*, 200 Ga. App. 322 (2) (408 SE2d 122) (1991). Moreover, trial courts enjoy broad discretion as to the reception of evidence in similar transaction hearings. *Bryson v. State*, 210 Ga. App. 642, 644 (2) (437 SE2d 352) (1993). We note Looney had a full and fair opportunity to cross-examine the witnesses at trial.

2. The similar transaction evidence was not sufficiently dissimilar to preclude its admission. "The similar transaction does not have to be identical to the crime for which the defendant stands accused. In fact, the admissibility of a similar transaction is not dependent on the number of similarities between the prior act and the crime charged. Rather, admissibility turns on whether the similarities tend to show that the prior act is relevant to a proper issue at trial. [Cits.]" *Callaway v. State*, 230 Ga. App. 369 (1) (496 SE2d 349) (1998).

The record shows that Looney battered his ex-wife and his girl friend, the victim here. Both incidents happened in the home they shared with Looney in the evening after he had been drinking. In both, he threw the females to the ground and damaged property in the vicinity. The trial court was not required to give credence to the victim's testimony when the State proffered contrary evidence which the neighbor's trial testimony supported. *Bryson*, 210 Ga. App. at 644 (2).

3. Looney maintains the jury instructions on similar transactions were inadequate because the trial court charged that consideration of that evidence should be solely for the purpose of showing state of mind, intent, scheme or purpose while the State limited its professed purpose to course of conduct and scheme.[1] He relies on *Belt v. State*, 227 Ga. App. 425 (489 SE2d 157) (1997) (physical precedent only), in which a plurality of this Court held that even in the absence of a request to charge, an adequate instruction on the limited pur-

---

[1] Because the second and third enumerations raise essentially the same issue, challenging the propriety of the jury instructions given prior to the admission of the similar transaction testimony and prior to deliberations respectively, we address them collectively.

pose for which similar transaction evidence may be considered must be given.

In *Belt*, the trial court failed to give any limiting instruction at all, "leaving the jury free to consider the evidence for any purpose it chose." *Parson v. State*, 229 Ga. App. 117, 118 (2) (493 SE2d 256) (1997). Here, the trial court twice gave a charge tracking the Suggested Pattern Jury Instructions, Vol. II, p. 24 (2nd ed.), charging the jury on the purposes (all of which were legally acceptable) for which it could consider the prior transactions. In so doing, however, the court mistakenly included some purposes not targeted by the State. Compare *Prickett v. State*, 220 Ga. App. 244, 245 (2) (469 SE2d 371) (1996). *Belt*, had it been binding precedent, is thus factually distinguishable. Court of Appeals Rule 33 (a).

Looney did not raise his objection to the purposes included in the trial court's charge or reserve objections, and, in fact, stated that he had no exceptions to the charge when asked. *Arrington v. State*, 224 Ga. App. 676, 677 (2) (482 SE2d 400) (1997) (announcement of no exception to charge and failure to reserve objections waives charging errors). Nor did he submit a written request to charge on this issue.[2] In view of the charge, which as a whole limited the jury's consideration of the similar transaction, the inaccuracies were not sufficient to raise a reasonable possibility that their inclusion might have contributed to the conviction. *McBee v. State*, 228 Ga. App. 16, 25-26 (5) (491 SE2d 97) (1997); see *Callaway*, 230 Ga. App. at 370 (2). Thus, reversal is not required. *Parson*, 229 Ga. App. at 118-119 (2).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JUNE 10, 1998.

*Peter C. Scholle*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, William F. Bryant, Assistant Solicitor*, for appellee.

---

[2] Embracing Looney's argument in these circumstances would encourage defendants to inject error by remaining silent in the face of such error and depriving the trial court of the opportunity to correctly instruct the jury. See *Parson*, 229 Ga. App. at 118.