### A99A1752. MALDONADO v. THE STATE.
(523 SE2d 917)

ELLINGTON, Judge.

Jermaine Maldonado was arrested after he brought a quantity of cocaine to a designated location to sell to an undercover officer pursuant to a deal arranged by his co-defendant. Maldonado was convicted by a Cobb County jury of violating the Georgia Controlled Substances Act, OCGA § 16-13-30. Following the denial of his motion for new trial, Maldonado appeals, enumerating four errors. We adopt the thorough and well-reasoned analysis of the trial court and, for the reasons reiterated below, affirm.

1. Maldonado contends that the trial court lacked jurisdiction in that the designation of the chief magistrate to preside over the trial did not comply with OCGA § 15-1-9.1 and court rules. Maldonado failed to object to the appointment of the magistrate to sit as a superior court judge prior to the commencement of the trial and, thus, failed to preserve the issue for appeal. *Bennett v. Jones*, 218 Ga. App. 714, 715 (1) (463 SE2d 158) (1995); cf. *Hicks v. State*, 231 Ga. App. 552, 553 (1) (499 SE2d 341) (1998) (issue of jurisdiction of chief magistrate raised before trial was not waived).

2. Maldonado contends that the trial court should have granted a mistrial after the narcotics agent testified that Maldonado knew him, the agent, "very well." The statement did not give rise to an inference that Maldonado knew the agent in his capacity as a police officer and therefore did not place Maldonado's character in issue. *Childs v. State*, 202 Ga. App. 488, 489-490 (2) (414 SE2d 714) (1992). The trial court did not abuse its discretion in denying Maldonado's motion for a mistrial.

3. Maldonado contends that the trial court erred in admitting similar transaction evidence in that the transactions were not sufficiently similar to satisfy the standard set in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). Under *Williams*, the State must show that "there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter." Id. at 642 (2) (b). The similar transaction need not be identical to the charged offense to be admissible. *Chappell v. State*, 215 Ga. App. 596, 597 (1) (451 SE2d 491) (1994).

The State proffered evidence that Maldonado was under indictment for possession with intent to distribute cocaine for a transaction

which occurred eleven months earlier, in a location about one-half mile away, involved the same form of the same controlled substance, and displayed other similarities as compared to the charged offense. Following a pretrial hearing, the trial court found that the previous transaction was sufficiently similar to the offense charged to be admitted for the stated purpose of showing modus operandi, design, bent of mind and course of conduct. Having reviewed the evidence of the similar transaction and the evidence of the crime charged, we conclude that the trial court's ruling that the transactions were sufficiently similar to satisfy *Williams* was not clearly erroneous.

4. In his final enumeration, Maldonado contends that the limiting instruction the trial court gave before the introduction of evidence of the similar transaction discussed in Division 3 was legally inadequate. In its instructions to the jury, the trial court told the jury that the evidence was being admitted for a limited purpose, specifically Maldonado's modus operandi, bent of mind or course of conduct with regard to the offense charged. The trial court stated that it was within the jury's discretion to determine whether the other transactions were sufficiently similar for that purpose. The trial court further instructed the jury not to determine Maldonado's guilt or innocence regarding the similar transaction and to consider the evidence of the similar transaction only to the extent, if any, that it tended to prove the offense charged. Under these circumstances, the instruction given adequately informed the jury about the limits on its consideration of the similar transaction evidence. *Looney v. State*, 232 Ga. App. 828, 829-830 (3) (503 SE2d 79) (1998); *Parson v. State*, 229 Ga. App. 117, 118-119 (2) (493 SE2d 256) (1997).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 21, 1999.

*David C. Butler*, for appellant.
*Patrick H. Head, District Attorney, Debra H. Bernes, Maria B. Golick, Assistant District Attorneys*, for appellee.