## A00A0011. WILLIAMS v. THE STATE.
### (535 SE2d 8)

Blackburn, Presiding Judge.

Mary Williams appeals her conviction, following a jury trial, for felony theft by shoplifting, contending that: (1) there was insufficient evidence to support the indictment against her; (2) the trial court erred by allowing the State to place Williams' character into evidence; and (3) the trial court erred by failing to charge the jury regarding the value of the items shoplifted. For the reasons set forth below, we affirm.

Viewing the evidence in the light most favorable to the verdict, the record shows that, on January 4, 1998, Williams approached the check-out at a Wal-Mart store with a cart full of numerous items. As she was ringing up Williams' purchase, the cashier noticed that something was concealed beneath a case of canned colas. When the case was moved, the cashier discovered a Sony telephone, and, when asked about the phone, Williams stated that it was already in the cart when she started shopping and that she did not wish to purchase it. After completing her purchase of several small items, Williams proceeded toward the exit of the store. A cart filled with items returned to the store had been left by the exit, and Williams, after placing the few items she had purchased into the cart, took the cart and the entirety of its contents with her as she left. Williams was stopped just outside Wal-Mart, and she was arrested for shoplifting. The value of the returned items in the shopping cart was $121.86. Williams was later indicted on one count of felony shoplifting.

1. Williams contends that the value of the merchandise taken by her was less than $100 and, as such, the indictment against her should have been dismissed or quashed due to insufficient evidence of felony shoplifting. We disagree.

At the time of Williams' crime, OCGA § 16-8-14, which defines the crime of theft by shoplifting, stated that a person who shoplifted merchandise valued in excess of $100 was guilty of a felony. If, however, the merchandise did not exceed $100, the crime would be

treated as a misdemeanor.[1] Williams now argues that, because there was conflicting evidence regarding the value of the shoplifted goods, the evidence does not support her indictment for a felony rather than a misdemeanor.

Generally, with regard to the efficacy of an indictment, "no inquiry into the sufficiency or legality of the evidence is indulged." *Summers v. State*, 63 Ga. App. 445, 449 (3) (11 SE2d 409) (1940). Under appropriate circumstances, however, "an indictment will be quashed where it is returned on wholly illegal evidence." *Felker v. State*, 252 Ga. 351, 366 (2) (a) (314 SE2d 621) (1984). Williams has made no argument and has provided this Court with no proof whatsoever that the indictment against her was based on wholly illegal evidence. Therefore, Williams' enumeration has no merit.

2. Williams contends that the trial court erred by allowing the prosecutor, on cross-examination, to question her about a former conviction for possession of heroin because it improperly placed her character into evidence. At the time of the admission of this evidence, however, Williams' only objection to its introduction was based on its relevance, and "[b]ecause [Williams] failed to specifically object to the evidence on the ground that it impermissibly placed [her] character in issue, [she] may not raise that objection for the first time on appeal." (Punctuation omitted.) *Howard v. State*, 233 Ga. App. 724, 729 (5) (505 SE2d 768) (1998). Moreover, following the admission of the evidence about which Williams now complains, the trial court gave the jury curative instructions on how to appropriately consider it, and Williams neither made further objections nor a motion for a mistrial. Therefore, she waived the right to argue about the admission of the evidence of her prior conviction here. *Ford v. State*, 269 Ga. 139, 141 (3) (498 SE2d 58) (1998).

3. Finally, Williams contends that the trial court erred by failing to give the jury an instruction regarding the value of the shoplifted goods specifically relating to her defense that they were worth less than $100. Williams, however, did not raise any objection to the trial court's charge or reserve objections. In fact, she indicated that she had no objections to the charge when asked. Furthermore, she failed to submit a written request to charge on the issue of value. Thus, Williams has waived her right to raise this argument on appeal. *Looney v. State*, 232 Ga. App. 828, 829 (3) (503 SE2d 79) (1998). Moreover, a review of the trial court's charge shows that the jury was appropriately instructed regarding the necessary value of the shoplifted goods in order to constitute a felony.

---

[1] Effective July 1, 1998, a person must shoplift merchandise valued at more than $300 to be guilty of a felony.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MAY 16, 2000.

*Lawrence E. Madison,* for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney,* for appellee.