A00A2133. SMITH v. THE STATE.
(544 SE2d 208)

RUFFIN, Judge.

A Liberty County jury found Roy Smith guilty of five counts of possession of a vehicle with an altered vehicle identification number (VIN). On appeal, Smith contends that the trial court erred in admitting a computerized printout in violation of the best evidence rule and in admitting evidence of his character. Smith also asserts that he received ineffective assistance of counsel. We find that Smith's contentions lack merit and affirm.

---

1. Smith contends that the trial court erred in admitting into evidence four computer printouts that listed the make, model, VIN, and owner of four of the cars that allegedly had altered VINs. The printouts came from the Georgia Crime Information Center (GCIC) computer. Smith objected to the introduction of this evidence, arguing that it was not the best evidence. According to Smith, the best evidence rule required the State to tender certified copies of the certificates of title and registration for the vehicles.

The best evidence rule, or the "original document rule," provides that "[i]n order to prove the terms of a writing, where the terms are material, the original writing must be produced unless it is shown to be unavailable for some reason other than the serious fault of the proponent."[1] However, OCGA § 24-3-17 (b) provides that "[a]ny court may receive and use as evidence in any case information otherwise admissible . . . from any terminal lawfully connected to the [GCIC] without the need for additional certification of those records." Before introducing uncertified computer printouts, a witness must lay the foundation for the admission of the printout.[2] Here, a certified GCIC operator testified that she obtained the computer printouts from a GCIC terminal, and Smith does not challenge this foundation. As the evidence was clearly admissible under OCGA § 24-3-17 (b), Smith's best evidence objection has no merit.[3]

2. Smith also asserts that the trial court erred in admitting evidence of his character. The officer who arrested Smith testified that, at the time of the arrest, Smith had an outstanding warrant for aggravated assault. Smith objected to the officer's testimony because he was not on trial for aggravated assault and such charge "had nothing to do with possession of a vehicle with an altered VIN." Following this objection, the trial court instructed the jury that Smith

> is not on trial for the offense of aggravated assault and you should not consider the fact that [the officer] had a warrant against him for the offense of aggravated assault. You should not consider that against him and use it against him adversely in any way whatsoever. [The officer] is simply explaining why [he] was looking for the defendant. And please disregard the fact that he was charged with aggravated assault.

After this instruction, Smith neither renewed his objection nor moved for a mistrial. Accordingly, he has waived the right to chal-

---

[1] *Merrill Lynch &c. v. Zimmerman*, 248 Ga. 580 (285 SE2d 181) (1981).
[2] See *Tipton v. State*, 213 Ga. App. 764, 765 (2) (445 SE2d 860) (1994).
[3] *Henson v. State*, 168 Ga. App. 210, 213 (3) (308 SE2d 555) (1983).

lenge the admission of such evidence on appeal.[4]

3. In a related claim of error, Smith argues that his trial attorney was ineffective for failing to preserve the objection to this character evidence. To establish a claim of ineffective assistance, Smith

> must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Prejudice exists where there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. We will affirm a trial court's finding that counsel was effective unless it is clearly erroneous.[5]

In its order denying Smith's motion for new trial, the trial court concluded that "the curative instructions were sufficient to remove any prejudice from the minds of the jurors." Thus, the trial court rejected Smith's claim that his attorney was ineffective on this basis. This Court has recognized that such curative instructions "can serve to prevent the alleged harmful testimony from having any prejudicial impact."[6] As Smith fails to make any cogent argument as to how he was prejudiced by his attorney's alleged ineffectiveness, we cannot say that the trial court clearly erred in concluding that Smith was not prejudiced. Accordingly, his claim of ineffectiveness presents no basis for reversal.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 10, 2001.

*John E. Pirkle*, for appellant.

*J. Thomas Durden, Jr., District Attorney, Richard E. Braun, Jr., Assistant District Attorney*, for appellee.

---

[4] See *Williams v. State*, 244 Ga. App. 26, 27 (2) (535 SE2d 8) (2000).

[5] (Punctuation and footnotes omitted.) *Watson v. State*, 243 Ga. App. 636, 637 (534 SE2d 636) (2000).

[6] (Punctuation omitted.) *Watts v. State*, 223 Ga. App. 412, 417 (3) (477 SE2d 852) (1996).